State of Iowa, appellee, v. Florence Eva Masters, appellant.

No. 52719.

(Reported in 154 N.W.2d 133)

November 14, 1967.

Marlyn S. Jensen, of Des Moines, for appellant.

Richard C. Turner, Attorney General, William A. Claerhout, Assistant Attorney General, and Ron Kuntz, Assistant County Attorney, for appellee.

SNELL, J.—Except for the integrity of the judicial process it would be difficult to justify this appeal. Involved is a fine of $25 imposed in municipal court following a finding of guilty of shoplifting merchandise valued at 54 cents.

The printed record before us includes 65 pages of verbatim questions and answers with no attempt to abstract. It appears to be a complete copy of the reporter's transcript and contains many pages of matter immaterial to appellate review. We disapprove of such procedure.

The record is so replete with repetitious questions that the impatience of the trial judge can be explained. However, we cannot approve the way in which cross-examination was summarily curtailed.

Defendant was charged in municipal court with shoplifting in violation of section 709.20, Code of Iowa. She pleaded not guilty, was tried before the court without the aid of a jury and found guilty.

Just before noon on April 10, 1967, defendant was shopping in the grocery and home center department of Hinky Dinky Market. She selected and placed in her shopping cart over $12 worth of merchandise. A clerk who was watching her testified that he saw her select two "toilet deodorizers and put them in her purse, and then she went to the checkout and checked out. She opened her purse and paid for her groceries, but not what was in there." After an objection the witness continued:

"A. And she checked out, and as she walked out the door the manager and I stopped her and asked her if she had any-

thing in her purse that she hadn't paid for, and she pulled out those two items.

"Q. She say anything else? A. She said she didn't know why she had taken them, because she said she didn't do things like that."

The items were identified and received in evidence. Their value was stated to total 54 cents.

The witness who had watched defendant from a lookout testified at some length and in detail as to defendant's actions while shopping. He said defendant closed her purse after placing the deodorizers therein. The clerk called the store manager. The manager and clerk stopped defendant as she was on the electric mat that opens the outside door. The manager testified:

"Q. (By Mr. Kuntz) What was the conversation you had with the defendant? A. I asked her if she didn't have something that she didn't pay for.

"Q. What did she reply, if anything? A. She said yes, and I asked her if she wouldn't mind stepping to the side and show me.

"Q. What did she do, if anything? A. At that time she opened her purse and took the items out of her purse.

"* * *

"Q. What did she do with them after she took them from her purse? A. She handed them to me.

"Q. Did you ask for them? A. I didn't ask for them. She took them out of her purse and handed them to me.

"Q. Did you have any other conversation with her? A. Yes, we went over to the side there. We have a room off of our office there where we store bottles and asked her if she'd like to step over by this door, and I asked her why she did it, and she said she didn't know. She said she didn't have a reason, and I told her I just couldn't understand it. That was about it."

Defendant, testifying in her own behalf, testified at length as to her occupation, assets, health, previous surgery, worry about being chased while going home from work at night, and her surprise when she realized that she had not paid for the two small items. She said that she had placed the deodorizers in her open purse to keep them away from her groceries. She

said she forgot them while checking out and that when she realized her mistake she intended to go back, buy stamps and then pay for the deodorizers. She denied any intent to steal.

In connection with the cross-examination of the clerk (a State's witness) we find no objections by counsel for the State but this record appears:

"The Court: Just a minute, he's already went over that.

"Mr. Jensen: I beg your pardon?

"The Court: He's already went into it a couple of times what her actions were from start to finish.

"Mr. Jensen: But I want it in detail.

"The Court: You can go all day asking it over and over again. Is there anything new you want to ask this man about?

"Mr. Jensen: I would like to know in more detail what happened.—

"The Court: He has already testified to what the defendant did. Have you anything new?

"Mr. Jensen: Well, I think it is, Your Honor. I think it is, and that—I'd like to know his actions in how he stopped her and not only—

"The Court: He's already testified to it.
"* * *

"The Court: You have already asked all the questions you are going to ask as to the movements of this woman as testified to by this witness. Is there any new matter that you want to bring up?

"Mr. Jensen: No further questions pursuant to Your Honor's indication.

"(Witness excused.)"

I. There was ample evidence to support a finding of guilty and the sufficiency of the evidence has not been challenged.

II. Because of the small value of the merchandise taken the offense charged here was a misdemeanor.

Section 709.20, Code of Iowa, makes it a crime to willfully take possession of merchandise with intention of converting the same without paying therefor.

Intent, which is an element of the offense, is a matter difficult to prove or disprove by direct evidence. It is ordinarily a conclusion drawn from the circumstances surrounding the act.

■ In the case before us exploration of the acts and conversations when defendant was stopped at the door of the store should have been permitted. We do not know what further questions might have been asked or what answers might have been given. We are not even suggesting that further cross-examination of the State's witness would have helped defendant. We are saying that neither the trial court nor we should speculate relative thereto.

■ The scope and extent of cross-examination is subject to the considerable discretion of the trial court, but that discretion should only be exercised after the right of cross-examination has been fully and fairly exercised.

Cross-examination is a valuable right to be jealously guarded "and a rather wide latitude is usually permitted." Wheatley v. Heideman, 251 Iowa 695, 710, 102 N.W.2d 343, 353; Barnard v. Cedar Rapids City Cab Co., 257 Iowa 734, 759, 133 N.W.2d 884, 900; State v. Myers, 257 Iowa 857, 861, 135 N.W.2d 73.

■ In the case before us defendant's cross-examination of the State's witnesses was repetitious and undoubtedly irritating to the trial judge but it was also summarily and arbitrarily terminated. This was error.

III. Defendant urges that she was not afforded a fair and impartial trial. Except for the matters considered, supra, in Division II we find nothing in the record to support this claim.

■ IV. Relying on Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, defendant claims error in that there was no showing that her constitutional rights had been protected when questioned by the store employees. There was no police or custodial interrogation. We find nothing in Miranda applicable to this case. See People v. Frank, 52 Misc.2d 266, 275 N.Y. S.2d 570.

Defendant's claim is without merit.

V. The value of the merchandise taken was trifling. The charge against defendant was a misdemeanor with a modest penalty. The amounts involved would not justify the time, effort and expense incident to a trial and appeal. There are, however, other justifications.

Shoplifting is no trifling matter to merchants and may not

properly be ignored. Most people dislike being convicted of stealing even small amounts.

Regardless of the amounts involved the accusers and the accused are equally entitled to their day in court and a fair trial.

For the reason stated in Division II, supra, the case is reversed and remanded for a new trial.—Reversed and remanded.

All JUSTICES concur.