STATE OF CONNECTICUT *v.* LOUIS DIMEO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 6-45616

Argued September 16—decided November 15, 1968

*Alfonse C. Fasano,* of New Haven, for the appellant (defendant).

*Herbert Scott,* special assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant, having been convicted of the crime of theft of goods exposed for sale, has appealed, assigning error in the court's

conclusion that upon all the evidence he was guilty of the crime charged beyond a reasonable doubt and in the court's holding that it was the obligation of the defendant to produce a witness claimed by the defendant to be material to the issues. Such are the assignments as they appear in the defendant's brief and the only ones which we review.[1] *State* v. *Jones,* 124 Conn. 664, 665; Maltbie, Conn. App. Proc. § 327.

The court found, upon conflicting evidence, the following facts: On December 19, 1966, at about 9 p.m., George Zeeb was a security officer employed by the Edward Malley Company of New Haven. On that date he went to the store's tire center, and while he was there he observed two men having tires installed on their car, one of whom was the defendant and the other the defendant's brother. Zeeb observed one of the men talking to the mechanic who was installing the tires while, he observed, the other man was removing batteries from a shelf and was placing them outside the door near a pile of trash. The two men would switch positions; while one talked to the mechanic, the other would remove a battery from the shelf and deposit it outside. In the meantime, the mechanic was on his hands and knees on the opposite side of the car. After the

---

[1] It should be pointed out that there has been a failure by the defendant to conform to our rules relating to appeals. The defendant filed his appeal on August 15, 1967. In his appeal, he made no request for a finding as required by § 979 of the Practice Book. On March 6, 1968, some six months later, the defendant requested a finding. A finding appears to have been filed by the court on May 7, 1968. On May 27, 1968, the defendant filed his assignment of errors. In this respect, our rules require that an assignment of errors "shall be filed by the appellant within two weeks from the date . . . the finding is filed." Practice Book § 987. Since the appellee has waived these deviations from our rules, we will review the issues assigned as errors. In so doing, however, we are not unmindful that this court might, on its own motion, dismiss this appeal as provided in § 976 of the Practice Book.

tires had been mounted on the wheels, the defendant and his brother opened the rear trunk of their car in such a manner that it appeared closed. They then backed their car out and into a stall adjacent to the trash and batteries. Then both men jumped out of their car, raised the trunk, threw the batteries in, slammed the trunk down and started out onto Temple Street. There were nine batteries in the trunk of a total value of $225. As the car was coming out of the driveway onto Temple Street, it was stopped by Zeeb and a police officer who had been called to the scene. The defendant and his brother were ordered out of the car, and the batteries were found in the trunk. These batteries had not been paid for, and the defendant was unable to produce a bill of sale. The defendant and his brother were placed under arrest. The car had moved from the stall some 150 to 200 feet to the point where it was stopped. The tire center was lighted except in the location of the trash where the batteries had been placed. John J. Malone was also a security officer for Malley, and at the time and place in question he was wearing a post office uniform. One of the brothers approached him during the tire installation and observing the insignia on his uniform asked him if he was buying batteries. Malone answered: "No." Whereupon the brother said: "If you are getting a battery, this is no place to get a battery. You ought to go to a battery shop. You get a better break." Malone also observed the brothers removing the batteries and placing them in their car. The court further found that the credibility of the defense witnesses was questionable. The court concluded upon all the evidence that the defendant was guilty as charged.

The defendant contends that as a matter of law the court erred in reaching its conclusion of guilt. A conclusion must stand if it is legally and logically

consistent with the subordinate facts, unless it appears to have involved some erroneous rule of law material to the case or it is unreasonably drawn from the facts found. Maltbie, Conn. App. Proc. § 166. In respect to the application of this test, the defendant contends that the conclusion was illogical and inconsistent with the facts because it was not shown that the batteries were taken without the consent and permission of the owner, an essential element. The facts belie such a claim. The lack of payment, the inability to produce a sales slip, and the circumstances surrounding the entire conduct of the defendant and his brother were so fraught with complicity that the court was left with little or no alternative but to conclude that the batteries were taken without consent. Moreover, under § 53-63 (c) of the General Statutes, a prima facie presumption comes into operation when it is shown that a person wilfully conceals unpurchased merchandise (here, placing the batteries in the car trunk and rapidly attempting to drive away). In such circumstances, it may be presumed that the person concealed the articles with the intention of converting them to his own use without paying the purchase price. There is little merit in this argument.

The defendant further claims that the court indicated that the production of a certain witness, "Tony," was the obligation of the defendant. The defendant further suggests that the conclusion of guilt was predicated on his failure to produce this witness. There is nothing in the finding to support either of these contentions, and they might both be properly ignored. We, however, briefly consider them. It appears that "Tony" was the manager of Malley's tire department, and the defendant claimed he had an arrangement with "Tony" which, if proven, would remove the element of taking without permission. There is nothing on the face of the rec-

ord which indicates that the prosecution had any premonition that such a hypothesis would be advanced by the defendant. If "Tony" was a material witness for the defense, it would seem that the defendant should have subpoenaed him. The defendant cites *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 676, to the effect that the failure of the state to call a witness whom it would have naturally produced affords the basis of an inference unfavorable to the state. There is nothing in the finding which indicates that this witness was material to the issues. Furthermore, without knowledge that such a purported agreement was in existence, it follows that "Tony" was not a witness whom the state would naturally produce. Moreover, it would appear that any inference which might arise would work adversely to the defendant since he alone was cognizant of the alleged materiality of the witness. The burden was on the state to prove the commission of the crime beyond a reasonable doubt, and there was adequate evidence reflected in the finding to meet this burden. The evidence introduced by the defendant was highly conflicting, and it was given little weight by the court. The credibility of a witness is determined by the trier. *State* v. *Hodge,* 153 Conn. 564, 572.

There is no error.

In this opinion KINMONTH and MACDONALD, Js., concurred.