126 N.J. Super. 361 (1974)
314 A.2d 606
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM JAMES FITZMAURICE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1974.
Decided January 28, 1974.
*362 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. Robert C. Gruhin argued the cause for appellant.
Mr. Theodore R. Carron, Assistant Prosecutor, argued the cause for respondent State of New Jersey (Mr. Sherwin D. Lester, Prosecutor of Bergen County, attorney).
*363 Ms. Lois DeJulio, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney; Mr. John DeCicco, Deputy Attorney General, of counsel).
PER CURIAM.
Defendant was convicted in municipal court of shoplifting, in violation of N.J.S.A. 2A:170-99. He appealed to the County Court where he was again convicted after a trial de novo on the record. He appeals from that conviction and the custodial sentence of six months imposed.
On April 14, 1972 the manager of a food store in Oakland, New Jersey, observed defendant in the store and approached him. Defendant, upon observing the manager, ran to the rear of the store. The manager ran to the rear also, where he viewed defendant disposing of three packages of meat (lamb) in the turkey case.
The manager escorted defendant to the front of the store and had him arrested. Defendant was searched by a police officer and found to be wearing: a T-shirt (thoroughly bloodstained in the back) and, under his shirt and around his body, two or three belts or straps.
Defendant contends the judge erred in finding him guilty on the evidence presented. We disagree.
Bearing in mind the bloodstained shirt; the belts, which provided the basis for a legitimate inference they were to be used to secret the packages; defendant's flight, State v. Copeland, 94 N.J. Super. 196 (App. Div. 1967), as well as defendant's replacement of the packages of meat, there was ample credible evidence to support the finding of the trial judge. State v. Johnson, 42 N.J. 146, 162 (1964).
It is next contended that the statute under which he was convicted is unconstitutional in that it creates a presumption which constitutes a deprivation of due process and improperly eliminates the element of intent as an ingredient of the offense.
The statute reads:
*364 Any person willfully concealing unpurchased merchandise of any store or other retail mercantile establishment, either on the premises or outside the premises of such store or other retail mercantile establishment, shall be prima facie presumed to have so concealed such merchandise with the intention of converting the same to his own use without paying the purchase price thereof within the meaning of section 1 of this act, and the finding of such merchandise concealed upon the person or among the belongings of such person shall be prima facie evidence of willful concealment; and if such person conceals, or causes to be concealed, such merchandise upon the person or among the belongings of another, the finding of the same shall also be prima facie evidence of willful concealment on the part of the person so concealing such merchandise.
It is clear that the use of a statutory presumption in a criminal statute is proper so long as there is a rational connection between the fact proved and the ultimate fact presumed. Tot v. United States, 319 U.S. 463, 467, 63 S.Ct. 1241, 87 L.Ed. 1519 (1942); United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); State v. DiRienzo, 53 N.J. 360 (1969).
A rational connection exists here, where the statutory scheme permits a prima facie inference of shoplifting to flow from proof of willful concealment of merchandise and, further, which permits a prima facie inference of willful concealment to flow from a finding that merchandise has been concealed.
Defendant further contends that a deprivation of due process exists because the statute eliminates the necessity of proof of an intent to commit the crime. The Legislature may make the doing of a prohibited act a crime, regardless of criminal purpose or even knowledge of the illegal character of the act. "In such case[s], only the doing of the proscribed act need be shown." State v. Labato, 7 N.J. 137, 149 (1951); Morissette v. United States, 342 U.S. 246, 255, 72 S.Ct. 240, 96 L.Ed. 288 (1951).
Nor does the statute violate defendant's presumption of innocence, as he argues, by shifting the burden of proof to him. The statutory inference simply creates prima facie evidence of guilt. The statute permits, but does not compel, *365 a finding of guilt upon proof of certain basic facts. State v. DiRienzo, supra, 53 N.J. at 381.
We accordingly hold that the statute is constitutional and does not deprive defendant of due process of law.
Defendant's further contention, that in order to be convicted of shoplifting he must first leave the premises with the merchandise, is amply answered by the clear wording of the statute, which is to the contrary.
Defendant's last contention is that the sentence imposed is excessive. The sentence is within statutory limits, and, after a consideration of defendant's record, we conclude the sentence is not excessive and does not constitute an abuse of discretion.
Affirmed.