THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SIDNEY MAYS, Defendant-Appellant.

First District (2nd Division)   No. 77-979

Opinion filed June 13, 1978.

18

James J. Doherty, Public Defender, of Chicago (Timothy P. O'Neill and Thomas Murphy, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Linda Dale Woloshin, and Michael R. Sherwin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant, Sidney Mays, was convicted of retail theft (Ill. Rev. Stat. 1975, ch. 38, par. 16A—3(a)), and sentenced to 30 days incarceration. Defendant contends that he was not proved guilty beyond a reasonable doubt because the State failed to establish his requisite intent to commit the offense.

At trial, Charles Brooks, a security officer for a Turnstyle store located in Chicago, testified that during the afternoon of August 15, 1976, he was on a catwalk about 20 feet above the store level when he observed defendant below. The latter had a shopping cart which contained merchandise. An open briefcase, which had been placed on its side, was also in the cart. For over 30 minutes Brooks saw defendant as the latter placed pants, cologne, and underwear in the briefcase, despite the fact the cart had space for these items. When defendant was alone in a section of the store, Brooks saw him close but not lock the briefcase. Brooks approached defendant before the latter reached the checkout counter. Defendant said he did not have any money but his wife would pay. The store paging system was used to call defendant's wife, but she did not appear. The police were then summoned.

Defendant testified that he had taken a bus to the store, and he had his briefcase with him. Rather than take the case to his home, which was some distance away, defendant entered the store and placed the case in

the shopping cart. Defendant said that he was buying many items and had $160 in cash. As he put the merchandise on top of the briefcase, the articles' weight caused it to open because one of its locks was broken; some merchandise fell into the case. Defendant then placed other items in the case because his shopping cart was filled. Defendant asserted that the case was open when Brooks stopped him, and it could not close with all the items he had placed in it. Defendant claimed that he was with his wife and that he told Brooks he had the money to pay for the goods.

Defendant's sole contention on appeal is that the evidence presented did not show the requisite intent to deprive Turnstyle of its property without payment as set forth in the retail theft statute. (Ill. Rev. Stat. 1975, ch. 38, par. 16A—3(a).) Defendant relies principally on the case of *People v. Lessen* (1st Dist. 1970), 123 Ill. App. 2d 1, 259 N.E.2d 613 (abstract), to support his position.

In *Lessen* the defendant was convicted of theft but on appeal his conviction was reversed because the State failed to prove beyond a reasonable doubt that defendant intended to permanently deprive the complainant of its property. The record in that case showed that defendant placed a separate operating kit in a box containing a model airplane. He proceeded through the checkout counter and paid for only the model airplane. Defendant was stopped as he was leaving the store. The appellate court noted that defendant did not know he was not supposed to place the kit into the airplane box; he did not realize he had not paid for all the toys until stopped by the store detective; and the latter did not accuse him of stealing the item. Only after defendant refused to sign a release, apparently exculpating the store of any civil liability, were the police summoned and criminal charges filed.

The present case is factually distinguishable from *Lessen* where the disputed item was apparently related to the model airplane contained in the box in which the kit was concealed. Here, numerous unrelated items were placed into a briefcase.

■■■ According to the testimony of Brooks, the security officer, when this case was full, it was shut although not locked. As noted in *People v. Cortez* (1st Dist. 1975), 26 Ill. App. 3d 829, 832, 326 N.E.2d 332, the element of the articles' concealment can be crucial in the evaluation of whether criminal intent existed to substantiate a shoplifting charge when the accused is arrested inside the store. While defendant testified he merely placed the items in the case for sake of convenience, did not shut it and had the money to purchase the items, the trial court was not obligated to believe his version (*People v. Graham* (5th Dist. 1975), 27 Ill. App. 3d 408, 411, 327 N.E.2d 261), especially in view of Brooks' directly contradictory testimony which indicated defendant's intent to conceal the items in the case when he would go through the checkout counter (see

*People v. Sims* (1st Dist. 1975), 29 Ill. App. 3d 815, 331 N.E.2d 178). Under such circumstances a conflict in the evidence was presented, and this court will not disturb the trial court's finding on the witnesses' credibility. (*People v. Akis* (1976), 63 Ill. 2d 296, 298-299, 347 N.E.2d 733.) We conclude that the record shows defendant's requisite criminal intent.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

PERLIN and BROWN, JJ., concur.