STATE *ex rel.* VICKIE DIANNE FARLEY

*v.*

IRA WHARTON,

MAGISTRATE OF WOOD COUNTY

(No. 14803)

Decided July 15, 1980.

*William E. Kiger, Hiehle, Golden & Kiger,* for relator.

*Harry G. Deitzler,* Prosecuting Attorney, for respondent.

HARSHBARGER, JUSTICE:

Vickie Dianne Farley prays that we prohibit her prosecution for shoplifting, Code, 61-3A-1, *et seq.* She contends that Section 3A-3 creates an unconstitutional presumption:

> *Code*, 61-3A-3. Concealment of merchandise.
>
> If any person shall wilfully conceal upon his person or otherwise merchandise belonging to any store and for which such person has not paid the purchase price in full, either upon or away from the store premises, there shall be a prima facie presumption that such person has concealed said merchandise with the intent of converting the same to his own use within the meaning of the definition of shoplifting contained in section one [§61-3A-1] of this article. (1957, c. 42.)

We have recently written on presumptions in criminal law in *State v. Ball,* ___ W.Va. ___, 264 S.E.2d 844 (1980). Our rules are clear.[1] In *State v. Pendry,* 159 W.Va. 738, 227 S.E.2d 210 (1976), we held that a criminal defendant cannot be required to present evidence in terms of going forward with the evidence or bearing the burden of persuasion of any material element of a crime. The state has the burden of proving every material element of a crime beyond a reasonable doubt. We have found statutory presumptions unconstitutional which supplied elements of crimes, including intent. *State ex rel. Cogar v. Kidd,* 160 W.Va. 371, 234 S.E.2d 899 (1977); *Pinkerton v. Farr,* 159 W.Va. 223, 220 S.E.2d 682 (1975).

---

[1] The progression of federal authority about criminal presumption is: *Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 L. Ed. 1519 (1943); *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *County Court of Ulster County, New York v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, ___ L.Ed.2d ___ (1979); *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, ___ L.Ed.2d ___ (1979). *See* Dutile, The Burden of Proof in Criminal Cases: A Comment on the Mullaney-Patterson Doctrine, 55 Notre Dame Lawyer 380 (1980).

We have also reversed cases wherein were constitutionally infirm jury instructions that created presumptions of material elements of crimes. *State v. Pendry, supra; State v. O'Connell,* 163 W.Va. 366, 256 S.E.2d 429 (1979); *State v. Messinger,* 163 W.Va. 447, 256 S.E.2d 587 (1979). A jury instruction or the use of a statute which creates a presumption of a material element of a crime is constitutional error, infects the fact-finding process, is fully retroactive, and may be raised by collateral attack against a final conviction. *Angel v. Mohn,* ____ W.Va. ____, 253 S.E.2d 63 (1979); *Jones v. Warden, West Virginia Penitentiary,* 161 W.Va. 168, 241 S.E.2d 914 (1978).

*Code,* 61-3A-1, defines shoplifting:

(1) Shoplifting shall consist of any one or more of the following acts:

(a) For any person wilfully to take possession of any merchandise offered for sale by any store with the intention of converting the same to the use of such person without paying to the owner the value thereof.

(b) For any person wilfully to conceal upon his person or otherwise any merchandise offered for sale by any store with the intention of converting the same to the use of such person without paying to the owner the value thereof.

(c) For any person wilfully to alter any label, price tag or marking upon any merchandise offered for sale by any store with the intention of depriving the owner of all or some part of the value thereof.

(d) For any person wilfully to transfer any merchandise offered for sale by any store from the container in or on which the same shall be displayed to any other container with intent to deprive the owner of all or some part of the value thereof.

Each of these definitions of shoplifting requires proof of an intention to convert or deprive the owner of merchandise. Each requires some act plus the intention.

But, then, *Code*, 61-3A-3, makes the act of concealment *prima facie evidence that there was an intention to convert.*[2] If we allow proof of concealment to prove the *mens rea*, the definition of the crime of shoplifting is changed from concealment with the intent to convert, to simply concealment. We hold, on the precedents of *Pendry, supra,* and *State ex rel. Cogar v. Kidd, supra,* that *Code,* 61-3A-3, creates an unconstitutional presumption of intent, which is a material element of the crime of shoplifting.

We deny defendant's writ, however. At trial, it will be necessary for the government to prove intent to convert when prosecuting Ms. Farley and other shoplifting defendants. Concealment may be evidence of such intent; but it cannot create a prima facie presumption of intent.

*Writ denied.*

---

[2] Other states permit the presumption of intention from the act of concealment: *State v. Dimeo,* 5 Conn. Cir. 214, 248 A.2d 791 (1968); *Commonwealth v. McSween,*___ Pa. Super. ___, 402 A.2d 528 (1979); *State v. Fitzmaurice,* 126 N.J. Super. 361, 314 A.2d 606 (1974); *State v. Masters,* 261 Iowa 366, 154 N.W.2d 133 (1967); *People v. Mays,* 18 Ill. Dec. 597, 377 N.E.2d 1233 (1978); *Barnes v. State,* 31 Md. App. 25, 354 A.2d 499 (1976).