251 N.J. Super. 264 (1991)
597 A.2d 1105
ANTHONY CAROLLO, PLAINTIFF-APPELLANT,
v.
SUPERMARKETS GENERAL CORP., T/A PATHMARK AND VICKI GAUDREAU, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 8, 1991.
Decided October 23, 1991.
*266 Before Judges PRESSLER, SHEBELL and SKILLMAN.
James G. Serritella argued the cause for appellant (Buttafuoco, Karpf & Arce, attorneys).
*267 Jerald F. Oleske argued the cause for respondents (Maloof, Lebowitz & Bubb, attorneys).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Plaintiff Anthony Carollo appeals from a summary judgment dismissing his malicious prosecution complaint against defendants Supermarkets General Corp. (Pathmark) and its security officer, Vicki Gaudreau. We affirm, agreeing with the trial judge that Gaudreau, beyond any factual dispute, had sufficient probable cause to initiate the shoplifting proceedings which are the gravamen of the complaint.
It is not disputed that on the day in question plaintiff was shopping with his sister and another relative in the Eatontown Pathmark. Gaudreau, who was walking up and down the aisles observing shoppers, saw plaintiff, who was shopping separately from his family, take a pack of cigarettes from his shopping cart and place it in his pocket. She asked him to accompany her to the security office and once there, requested return of the cigarettes and proffered a release form for him to sign. Plaintiff became angry, voices were raised, and Gaudreau, who had not intended to pursue the matter further, finally telephoned the local police. Plaintiff was removed to the police station where Gaudreau, as complainant, signed a shoplifting complaint against him pursuant to N.J.S.A. 2C:20-11.
Plaintiff was tried in the municipal court. The judge acquitted him at the close of the proofs, having credited his testimony that he never intended to leave the store without paying for the cigarettes and had concealed them in order to hide them from his sister, who was at that moment approaching him with her shopping cart. He explained that his sister, with whom he resided, vehemently objected to his smoking which exacerbated his serious health problems. As a law-abiding professional person  plaintiff is a pharmacist  he was evidently outraged by Gaudreau's accusation and by what he apparently perceived *268 to be her unreasonably offensive behavior toward him and her completely unjustifiable refusal to accept his explanation. He conceded that the interview in her office was angry and vocally escalated.
Following the municipal court acquittal plaintiff commenced this false arrest, malicious prosecution, and defamation action. Defendant's successful motion for summary judgment relied primarily on the qualified immunity provided by N.J.S.A. 2C:20-11e.
Our review of the record satisfies us that there was no genuine dispute of material fact impeding the grant of summary judgment. To begin with, N.J.S.A. 2C:20-11b(2) defines shoplifting as the purposeful concealment upon one's person of "any merchandise offered for sale ... with the intention of depriving the merchant of the ... benefit of such merchandise or converting the same...." Actually removing the merchandise from the premises is not an essential element. Compare N.J.S.A. 2C:20-11b(1). Moreover N.J.S.A. 2C:20-11d creates the presumption, held constitutional by this court in State v. Fitzmaurice, 126 N.J. Super. 361, 314 A.2d 606 (App.Div. 1974),[1] that purposeful concealment alone bespeaks concealment with the intention to steal. It is therefore patent that Gaudreau's observation of plaintiff transferring the cigarettes from his shopping cart to his pocket while standing in the aisle provided probable cause for her belief that he was committing an act of shoplifting. She was therefore entirely justified in detaining him under the authority of N.J.S.A. 2C:20-11e, which provides that:
A law enforcement officer, or a special officer, or a merchant, who has probable cause for believing that a person has willfully concealed unpurchased merchandise and that he can recover the merchandise by taking the person into custody, may, for the purpose of attempting to effect recovery thereof, take the *269 person into custody and detain him in a reasonable manner for not more than a reasonable time.
N.J.S.A. 2C:20-11e further provides that:
A merchant who causes the arrest of a person for shoplifting, as provided for in this section, shall not be criminally or civilly liable in any manner or to any extent whatsoever where the merchant has probable cause for believing that the person arrested committed the offense of shoplifting.
We think it plain that defendants here are entitled to the qualified immunity so afforded and, consequently, that the false arrest cause of action pleaded by plaintiff must fail.
Plaintiff further asserts, however, that the statutory immunity is limited to that cause alone and does not extend to his malicious prosecution cause. We agree that false arrest and malicious prosecution are separate and distinct causes of action. See Cooke v. J.J. Newberry & Co., 96 N.J. Super. 9, 12-13, 232 A.2d 425 (App.Div. 1967). We also agree that the statute, by its own terms, speaks only to immunity for "a merchant who causes the arrest" and does not encompass immunity for a merchant who thereafter initiates criminal proceedings as the complaining witness. Indeed, such proceedings are beyond the self-help recovery of stolen goods which the arrest authorization of the statute is expressly designed to effect. See Cooke v. J.J. Newberry & Co., supra, 96 N.J. Super. at 14-15, 232 A.2d 425. We conclude therefore that the statute does not afford qualified immunity from a malicious prosecution action instituted by the merchant.
Nevertheless, despite the distinctness of the two causes of action, the element of probable cause provides a close nexus between them. Thus, the complainant's lack of probable cause for initiating a criminal proceeding is an essential element of malicious prosecution. See, e.g., Lind v. Schmid, 67 N.J. 255, 262, 337 A.2d 365 (1975). While the false arrest plaintiff need not prove the arrester's lack of probable cause, the existence of probable cause is a defense which will nevertheless defeat the action. See Hayes v. Mercer County, 217 N.J. Super. 614, 623, 526 A.2d 737 (App.Div.), certif. denied, 108 *270 N.J. 643, 532 A.2d 226 (1987). Clearly, the probable cause which will constitute a defense to a false arrest action is the same as the probable cause conferring merchant's immunity from a false arrest action under the shoplifting statute. In that context probable cause is measured by the objective standard of the perceptions of a reasonable and prudent person in like circumstances. See Hayes, supra; Henry v. Shopper's World, 200 N.J. Super. 14, 18, 490 A.2d 320 (App.Div. 1985). Compare Pantalone v. Bally's Park Place Casino Hotel, 228 N.J. Super. 121, 126-128, 549 A.2d 55 (App.Div. 1988), so construing the arrest immunity afforded the casino industry by N.J.S.A. 5:12-121(b). See also Kirk v. City of Newark, 109 N.J. 173, 182, 536 A.2d 229 (1988), recognizing an objective standard for granting a police officer qualified immunity from false-arrest claims made against him under 42 U.S.C.A. § 1983.
We are also satisfied that the probable cause which will defeat a malicious prosecution action must also be objectively evaluated. Thus, the question which determines the existence of probable cause in this context is "[w]as the state of the facts such as to lead a person of ordinary prudence to believe on reasonable grounds the truth of the charge at the time it was made?" Lind v. Schmid, supra, 67 N.J. at 263, 337 A.2d 365.
It appears, therefore, that ordinarily the same set of facts which constitute probable cause for a merchant to detain will also constitute probable cause for his initiating of criminal proceedings. Consequently as a practical matter, the probable cause which confers immunity from false arrest will ordinarily also defeat malicious prosecution claims. But this is not necessarily so. It is clearly possible that following an arrest based on sufficient probable cause, circumstances might ensue or facts might become known to the merchant which would so undermine the reasonableness of an initial belief in the patron's guilt as to make the subsequent signing of the complaint unjustified.
*271 While we do not believe the statutory immunity would protect a merchant in that situation from a malicious prosecution action, we are also persuaded that the record here fails to demonstrate that such a situation might have obtained here. Gaudreau concededly saw what she saw  an apparently culpable transfer by plaintiff of the cigarette pack from his cart to his pocket. While she may well have been offered an apparently credible exculpatory explanation, she was not, by any objective test, obliged to accept it, particularly in view of plaintiff's conceded verbal outburst in her office. The reasonable belief which constitutes probable cause does not require the merchant's employee to evaluate the totality of circumstances, both inculpatory and exculpatory, as a trier of fact guided by a reasonable doubt standard. The record here, viewed most favorably to plaintiff, is therefore insufficient to justify a finding that defendant lacked probable cause for signing the complaint.
The summary judgment dismissing the complaint is affirmed.
NOTES
[1] Although Fitzmaurice construed the predecessor statute, N.J.S.A. 2A:170-99, the two provisions are virtually identical.