The PEOPLE of the State of Colorado,
Petitioner–Appellant,

In the Matter of R.M.D., a Child,

and Concerning L.D. and D.D.,
Respondents–Appellees.

No. 91SA349.

Supreme Court of Colorado,
En Banc.

May 11, 1992.

Robert R. Gallagher, Jr., Dist. Atty., Eighteenth Judicial Dist., James C. Sell, Chief Deputy Dist. Atty., Englewood, for petitioner-appellant.

Keller, Wahlberg & Morrato, James J. Morrato, Denver, for respondents-appellees.

Justice KIRSHBAUM delivered the Opinion of the Court.

Appellant, the People of the State of Colorado, initiated a delinquency proceeding against appellee R.M.D. and others in the Arapahoe County District Court, pursuant to section 19–3–101(1)(b), 8B C.R.S. (1986). The petition alleged that R.M.D. committed the offense of theft of merchandise valued at less than fifty dollars, in violation of section 18–4–401, 8B C.R.S. (1986). During the course of the juvenile proceedings the trial court entered an order declaring that section 18–4–406, 8B C.R.S. (1986), establishing a presumption that evidence of willful concealment of merchandise constitutes "prima facie evidence" of intent to commit theft, violated R.M.D.'s right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution. The People have appealed that ruling of law, pursuant to section 16–12–102(1), 8A C.R.S. (1986).[1] We disapprove the trial court's ruling.

I

On May 5, 1989, R.M.D. and another juvenile entered a Denver area department store. A store manager observed R.M.D.'s companion take two fashion rings, place them in a coat tied around that person's waist, and subsequently give them to R.M.D. When R.M.D. later attempted to leave the store with the rings cupped in her hand, a security officer intercepted her and retrieved the rings.

A petition in delinquency was subsequently filed against R.M.D. requesting that she be adjudicated a delinquent on the basis of her commission of the offense of class three misdemeanor theft, in violation of section 18–4–401, 8B C.R.S. (1986). That statute provides in pertinent part as follows:

Theft. (1) A person commits theft when he knowingly obtains or exercises

1. The appeal was initially filed in the Court of Appeals, but later transferred to this court pursuant to § 13–4–110(1)(a), 6A C.R.S. (1987). See § 13–4–102(1)(b), 6A C.R.S. (1987).

control over anything of value of another without authorization, or by threat or deception, and:

(a) Intends to deprive the other person permanently of the use or benefit of the thing of value....

§ 18–4–401(1), 8B C.R.S. (1986).

Section 18–4–406, 8B C.R.S. (1986), contains the following language:

**Concealment of goods.** If any person willfully conceals unpurchased goods, wares, or merchandise owned or held by and offered or displayed for sale by any store or other mercantile establishment, whether the concealment be on his own person or otherwise and whether on or off the premises of said store or mercantile establishment, such concealment constitutes prima facie evidence that the person intended to commit the crime of theft.

§ 18–4–406, 8B C.R.S. (1986). R.M.D. filed a motion requesting the trial court to declare that section 18–4–406 violated her right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution by in effect eliminating the prosecution's burden of proving beyond a reasonable doubt the element of intent essential for conviction of the offense of theft. Construing the statute as creating a mandatory presumption that evidence of concealment of merchandise constitutes proof that the person concealing the merchandise intended to commit the offense of theft, the trial court granted R.M.D.'s motion. The trial court then conducted an adjudicatory hearing,[2] found on the basis of the evidence presented that R.M.D. did commit the offense of theft, and set the matter over for further disposition.

## II

The People assert that section 18–4–406 does not violate federal due process standards because the evidentiary presumption established by the statute is a permissive presumption and does not alter the People's burden of persuasion with respect to

2. *See* § 19–3–106, 8B C.R.S. (1986).

the element of intent to commit theft. We agree.

### A

Several well-established principles of statutory construction aid our resolution of this issue. It is presumed that in adopting legislation the General Assembly intended the legislation to conform to state and federal constitutional requirements. § 2–4–201, 1B C.R.S. (1980). When statutory language is susceptible to one interpretation that is consistent with constitutional criteria and another interpretation that renders the statute unconstitutional, we must adopt the interpretation that satisfies constitutional requirements if such construction is reasonably consistent with legislative intent. *Renteria v. State Dep't of Personnel,* 811 P.2d 797, 799 (Colo.1991); *Parrish v. Lamm,* 758 P.2d 1356, 1364 (Colo.1988); § 2–4–212, 1B C.R.S. (1980); *see Romero v. Sandoval,* 685 P.2d 772, 776 (Colo.1984). Finally, a statute is presumed to be constitutional, and a party asserting that a statute violates constitutional criteria assumes the burden of establishing such assertion beyond a reasonable doubt. *Sigman v. Seafood Ltd. Partnership I,* 817 P.2d 527, 531 (Colo.1991); *Charlton v. Kimata,* 815 P.2d 946, 949 (Colo.1991); *Renteria,* 811 P.2d at 799; *People v. Rostad,* 669 P.2d 126, 127 (Colo.1983).

### B

The authority of the General Assembly to adopt statutes with respect to criminal offenses is limited by constitutional due process standards. *People v. Seven Thirty-Five East Colfax, Inc.,* 697 P.2d 348, 362 (Colo.1985); *Brown v. District Court,* 197 Colo. 219, 221, 591 P.2d 99, 100 (1979). It is fundamental to the concept of due process of law that in criminal proceedings the prosecution bears the burden of establishing every essential element of an alleged offense beyond a reasonable doubt. *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25

L.Ed.2d 368 (1970); *Jolly v. People,* 742 P.2d 891, 896 (Colo.1987); *Seven Thirty-Five East Colfax, Inc.,* 697 P.2d at 362. When the General Assembly adopts statutory provisions creating evidentiary presumptions applicable to criminal proceedings, those provisions must be considered in light of these fundamental principles. *See Brown,* 197 Colo. at 221, 591 P.2d at 100.

The trial court concluded that, as applied to the circumstances of this case, section 18–4–406 created a mandatory presumption that when R.M.D. concealed the two rings in her fist, she formed the intent essential for conviction of the class three misdemeanor offense of theft with which she was charged. Under this construction of the statute, R.M.D. was in effect required to assume the burden of disproving that she had the requisite intent.

While it is clear that in adopting section 18–4–406 the General Assembly intended that certain significant evidentiary consequences would flow from a person's willful concealment of unpurchased store merchandise, it is not at all clear that the General Assembly intended to relieve the prosecution of its burden of establishing beyond a reasonable doubt the element of intent necessary to establish commission of the offense of theft. Section 18–4–406 recognizes that it is reasonable to conclude that a person who willfully conceals unpurchased store merchandise has formed an intent to commit theft of that merchandise. *See People v. Contreras,* 195 Colo. 80, 83, 575 P.2d 433, 435 (1978). The language of the statute is not mandatory, however. Thus the reference to "prima facie evidence" does not expressly require a fact finder to conclude that the prosecution has satisfied its burden of proving the element of intent merely by establishing a willful concealment. We have construed identical statutory language to do no more than establish a permissible inference. *People v. Lorio,* 190 Colo. 373, 376, 546 P.2d 1254, 1256 (1976) (statutory language providing that conduct by a person that permits an inference that the actor is armed constitutes "prima facie evidence" that the person in fact is armed, creates permissive inference only). *See People v. Lesh,* 668 P.2d 1362 (Colo.1983) (mailing of notice of revocation of driver's license by registered mail to defendant's last known address constitutes "prima facie proof" of the defendant's knowledge of the revocation order permitting, but not requiring, the fact finder to find that the knowledge element of the offense of driving while license has been revoked has been established); *see also Jolly v. People,* 742 P.2d at 897–98.

It is sometimes difficult to determine whether particular legislation creates a "mandatory" presumption or a "permissive" inference or presumption. *Barnes v. People,* 735 P.2d 869, 872 (Colo.1987). In *Barnes,* noting with approval analyses set forth in *County Court of Ulster County v. Allen,* 442 U.S. 140, 157–59, 99 S.Ct. 2213, 2224–26, 60 L.Ed.2d 777 (1979), and *State v. Dacey,* 138 Vt. 491, 494–96, 418 A.2d 856, 858–59 (1980), we suggested the following distinction:

> [A] mandatory presumption shifts to the party against whom it operates either the burden of producing evidence or the burden of persuasion, and if that party fails to satisfy this burden, the trier of fact must accept the presumed fact provided it finds the basic fact. On the other hand, a permissive presumption—more commonly described as a permissive inference—shifts no burden to the opposing party, but merely allows the trier of fact to find the inferred fact from the basic fact.

*Barnes v. People,* 735 P.2d at 872. We also observed that in criminal cases presumptions are ordinarily construed to raise only permissive inferences to avoid issues of constitutional dimension. *Id.; see Jolly v. People,* 742 P.2d at 896–97; *People v. Seven Thirty–Five East Colfax, Inc.,* 697 P.2d 348, 361–62; *Wells v. People,* 197 Colo. 350, 355, 592 P.2d 1321, 1325 (1979); *People v. McClendon,* 188 Colo. 140, 143–44, 533 P.2d 923, 925 (1975).[3]

---

**3.** Other courts have expressed similar views. *See United States v. Gainey,* 380 U.S. 63, 64, 85 S.Ct. 754, 756, 13 L.Ed.2d 658 (1965) (statutory language appearing to create mandatory pre-

In view of the basic principle that a statute susceptible to different interpretations should be construed in a manner consistent with constitutional principles when reasonable to do so, we conclude that the reference to "prima facie evidence" contained in section 18–4–406, 8B C.R.S. (1986), establishes a permissive inference permitting but not requiring the finder of fact to find from evidence of willful concealment that the defendant intended to steal the merchandise concealed.[4] This construction is consistent with the legislative intent to ensure that persons who willfully conceal unpurchased store merchandise are subject to significant evidentiary consequences in criminal proceedings and does not violate the due process clause of the Fourteenth Amendment to the United States Constitution. It is also consistent with prior decisions of this court construing legislatively created presumptions applicable to criminal proceedings.

### III

For the foregoing reasons, the ruling of the district court is disapproved.

sumption construed to create only a permissive inference); *State v. Dimeo,* 5 Conn.Cir.Ct. 214, 248 A.2d 791 (1968) (presumption that willful concealment of unpurchased goods constitutes evidence of intent is permissive); *State v. Fitzmaurice,* 126 N.J.Super. 361, 314 A.2d 606 (App. Div.1974) (presumption that willful concealment is prima facie evidence of intent is permissive); *State v. Hales,* 256 N.C. 27, 122 S.E.2d 768 (1961) (presumption that proof of concealment is prima facie evidence of willful concealment is permissive); *City of Dickinson v. Gresz,* 450 N.W.2d 216 (N.D.1989) (presumption of intent from proof of concealment of unpurchased goods is permissive); *Commonwealth v. Martin,* 300 Pa.Super. 497, 446 A.2d 965 (1982) (presumption that person concealing unpurchased goods has intent to commit retail theft is permissive). *But see State v. Burriss,* 281 S.C. 47,

314 S.E.2d 316 (1984) (statutory presumption that concealment of unpurchased goods constitutes prima facie evidence of intent to shoplift is mandatory and violates due process guarantees); *State ex rel. Farley v. Wharton,* 165 W.Va. 406, 267 S.E.2d 754 (1980) (presumption that concealment constitutes prima facie evidence of intent to shoplift mandatory and violates due process guarantees).

4. In cases tried to juries, the instructions must indicate that the prosecution has the burden to prove beyond a reasonable doubt each element of the offense charged, including intent, and that § 18–4–406, 8B C.R.S. (1986), creates only a permissive inference which the jury is free to accept or reject.