514 P.2d 1243

**The STATE of Arizona, Appellee,**

v.

**Charles Edward HART, Appellant.**

**No. 2139–2.**

Supreme Court of Arizona,
In Banc.

Oct. 25, 1973.

**56**

Gary K. Nelson, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is a delayed appeal from a jury verdict and judgment of guilt to the crime of murder in the first degree, §§ 13–451, 13–452 A.R.S., and a sentence of life imprisonment, § 13–453 A.R.S.

Although the defendant raises other questions on appeal, it is necessary to answer only one question and that is: Limited to the record in the instant case, will the fact that a transcript of defendant's trial is unavailable require this court to set aside the judgment and order a new trial?

The facts necessary for a determination of this matter on appeal are as follows. On 18 April 1961 the defendant was found guilty by a jury of first degree murder with a recommendation that he serve a term of life imprisonment in the Arizona State Prison. At the time of his sentence the defendant was 20 years of age and had no prior felony convictions. The murder occurred during the course of a robbery of a bar in Phoenix, Arizona.

On 21 February 1966 the defendant filed an application for writ of habeas corpus in the Superior Court of Pinal County which application was denied without hearing. Thereafter the defendant sought relief in the trial and appellate courts of the State of Arizona and the Federal District Court. Finally the United States Court of Appeals for the Ninth Circuit on 22 March 1972 in Hart v. Eyman, 458 F.2d 334 (9th Cir. 1972), cert. den. (1972), 407 U.S. 916, 92 S.Ct. 2441, 32 L.Ed.2d 691, upheld an order of the Federal District Court for the District of Arizona which gave the State the alternatives of (1) holding the necessary hearings in the State court for the creation of a reasonable substitute for a trial transcript, (2) granting petitioner a delayed appeal in the State courts, (3) releasing him from custody, or (4) setting aside his conviction and retrying him. For a more detailed description of the facts leading up to that decision as well as the rather dismal record of the State of Arizona in this matter, we refer to the opinion in Hart v. Eyman, supra.

As a result of the order of the federal court, this court, on 19 May 1972, upon motion of the Attorney General of the State of Arizona, ordered a delayed appeal granted to the defendant Charles Edward Hart. Thereafter on 13 September 1972 this court ordered a hearing on the question of the availability of the record on appeal and on 10 October 1972 the Superior Court, after hearing, found as follows:

"The court further finds that the following documents and papers are not available:

(2–c) Reporter's transcript of preliminary hearing.

(2–e) Reporter's transcript of trial proceedings.

(2–f) Report of the probation officer or presentence report.

"The court further finds that the foregoing matters which are not available are such due to the fact that the reporter's notes have not and cannot be located, after diligent search, and that, therefore, a transcript of the proceedings reported in those notes cannot be prepared."

The State contends that the record in the instant case may be cured by holding a hearing pursuant to Norvell v. Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963) and Rule 363, Rules of Criminal Procedure (1956), 17 A.R.S. We disagree.

We believe that a hearing to reconstruct a transcript of the trial at this late date would not be productive of anything helpful to this court. The trial judge who tried the matter is no longer alive, and while it may be possible to remember the events that led to the conviction, it is doubtful the attorneys and the witnesses could remember what was said about those events.

We do not believe that the United States Supreme Court mandates a reversal and a new trial in every case wherein the transcript is lost through no fault of the defendant. Norvell v. Illinois, supra; Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971); Mayer v. City of Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971). In the instant case, however, it is impossible to provide a reasonable substitute for a trial transcript. It may be as the attorney for the State suggests that a hearing pursuant to Norvell v. Illinois, supra, would be appropriate were the motion timely made when the defendant, in 1966, first sought relief in the Arizona courts, but this does not appear to be an appropriate remedy at this late date. We have stated:

> "We are not prepared to say that in every case involving a lost or unavailable reporter's transcript the defendant is entitled to a new trial. Absent a showing of reversible error, or at least a credible and unmet allegation of reversible error, we are inclined to hold that the remaining record will suffice to support an affirmation of a verdict and judgment by the trial court. Where, however, through no fault of the defendant the reporter's transcript is unavailable and the defendant has shown prima facie fundamental error, we feel that a new trial should be granted." State v. Masters,

108 Ariz. 189, 192, 494 P.2d 1319, 1322 (1972).

Because of the time that has elapsed since the trial in 1961, we believe that the demands of the federal courts, if not the ends of justice, will be satisfied by reversing the matter and remanding it for new trial.

Judgment and sentence reversed and remanded for new trial.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.