MONTEVILLE JOHNSON

*v.*

ARTHUR L. MCKENZIE, *warden*

WEST VIRGINIA PENITENTIARY

(No. 13887)

Decided June 7, 1977.

*Forrest Roles*, (Court-appointed), for relator.

*Chauncey H. Browning*, Attorney General, *Richard E. Hardison*, Deputy Attorney General, for respondent.

CAPLAN, CHIEF JUSTICE:

This is an original proceeding in habeas corpus wherein the petitioner alleges that he was denied due process of law in violation of the state and federal constitutions.

On March 26, 1973, following a trial in the Circuit Court of Wayne County wherein the jury found the petitioner guilty of murder of the second degree, the court sentenced said petitioner to a term of five to eighteen years in the state penitentiary. The petitioner was given credit on his sentence from the time of his incarceration on September 19, 1972.

Although the petitioner desired to appeal, as evidenced by the notice of intention to appeal filed on May 22, 1973, no appeal was filed within the period of eight months following the date of his conviction. Consequently, on May 16, 1975, the petitioner filed a petition for a writ of habeas corpus in this Court. The writ was granted, returnable to the Circuit Court of Wayne County. That court, on July 21, 1975, resentenced the petitioner so as to afford another eight-month period in which to appeal.

Subsequent to the resentencing another eight-month period passed without an appeal having been filed; nor was the record of the trial proceedings prepared during that period. An appeal was filed after the lawful period therefore had expired and this Court took no action thereon.

No effective appeal having been taken, the petitioner again filed a petition for a writ of habeas corpus in this Court. The writ was granted and was made returnable on April 19, 1977. The matter was submitted for decision on the return day on the briefs of counsel for the respective parties.

The respondent agrees that the petitioner is entitled to relief but asserts that such relief should be in the form of a remand for resentencing so that he may be afforded an opportunity to appeal his conviction.

The petitioner, on the other hand, contends that his relief should be release from custody without condition. He points out that he has served almost five years of a five to eighteen year sentence and that, despite his ef-

forts to obtain an appeal, the state has failed to provide him with adequate assistance to accomplish that end. He cites *State ex rel. Bradley v. Johnson*, 152 W. Va. 655, 166 S.E.2d 137 (1969), for the proposition that the state's failure in this case entitles him at least to resentencing and another appeal period.

Citing *Carter v. Bordenkircher*, ___ W. Va. ___, 226 S.E. 2d 711 (1976), the petitioner asserts his right to unconditional release from custody. Syllabus No. 2 thereof reads as follows:

> "In determining appropriate relief in habeas corpus for ineffective assistance of counsel in not prosecuting a timely appeal, the court should consider whether there is a probability of actual injury as a result of such denial, or alternatively whether the injury is entirely speculative or theoretical, and where the denial of a timely appeal was probably harmless, except in the case of extraordinary dereliction on the part of the State the appropriate remedy is not discharge but such remedial steps as will permit the effective prosecution of an appeal."

It is the position of the petitioner that the injury suffered by the failure of the state to afford him an appeal is actual. He notes that before an appeal can be prosecuted he will have served at least the minimum sentence imposed by the court and that he will then be eligible for parole consideration. Thus, he says, he will be effectively denied a right to appellate review. Furthermore, relying again on *Carter, supra*, the petitioner asserts that there was such "extraordinary dereliction on the part of the State," that unconditional release from custody is the only fair and just relief warranted under the circumstances. Two eight-month appeal periods passed during which the state failed to afford the petitioner a record of proper assistance in his quest for an appeal. This indeed is extraordinary dereliction on the part of the state.

We are in agreement with the contention of the petitioner holding, in the circumstances of this case, that

the relief prayed for will be granted and that the petitioner shall forthwith be discharged from custody. We hasten to point out that we continue to adhere to the principles expressed in *State ex rel. Bradley v. Johnson, supra,* and that in a circumstance where the state has not been extraordinarily derelict in its duties, resentencing will be permitted to allow an appeal.

*Prisoner discharged.*