STATE OF WEST VIRGINIA

*v.*

HERMAN SANFORD MESSINGER, JR.

(No. 14012)

Decided July 17, 1979.

448

*Robert K. Means* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Ann V. Gordon*, Assistant Attorney General, for defendant in error.

PER CURIAM:

In this appeal from a conviction for first degree murder we are asked to examine four questions:

1. Whether the trial court erred in giving an instruction which informed the jury that homicide committed with a deadly and dangerous weapon was presumed to be second degree murder;

2. Whether the trial court properly instructed the jury on the manner in which the testimony of an accomplice to the crime should be considered;

3. Whether the trial court unduly limited the appellant's testimony regarding conversations which he had had with the accomplice, who was the State's chief witness; and

4. Whether the trial court erred by not having the opening and closing arguments in the case reported and transcribed.

The appellant, Herman Sanford Messinger, Jr. was indicted for the shooting death of Hubert Lee Messinger. On February 9, 1976, a trial of the case was conducted before a jury in Wayne County; at the conclusion of the trial the jury returned a verdict of guilty of first degree murder.

The principal witness for the State was an accomplice in the commission of the crime, one Michael Williamson, who, under a grant of immunity, testified in detail how the appellant had planned and perpetrated the murder with which he was charged. Among other points, Williamson testified that the appellant had on two occasions advanced money to him to hire a "hit man" to kill Hubert Lee Messinger.

The appellant took the stand and testified in his own behalf. He denied discussing the killing of Hubert Lee with Williamson. He also denied involvement in the crime. While on the stand, he, in an apparent effort to explain that he had loaned Williamson money rather than advanced it to him to hire a "hit man", attempted to testify regarding the "money" conversation with Williamson. The court ruled that the line of testimony was improper.

At the conclusion of the case the trial court gave, over the appellant's objection, instructions which, according to the appellant, relieved the State of the burden of proving every element of the crime against him and allowed the jury to treat Williamson's testimony with less circumspection than permitted by law.

I.

The appellant's first assignment of error is that the trial court erred in giving, over his objection, State's Instruction No. 8 which said:

> "The Court instructs the jury that where a homicide is proved by the use of a deadly and dangerous weapon, it is presumed by law to be murder in the second degree, and in order to elevate the offense to murder in the first degree the burden of proof is on the state, and in order

to reduce the offense below murder in the second degree, the burden is on the defendant."

In *State v. Pendry*, ＿＿ W. Va. ＿＿, 227 S.E.2d 210 (1976), we held that in a criminal prosecution, the State is required to prove beyond a reasonable doubt every material element of the crime with which the defendant is charged; it is error for the court to instruct the jury in such a manner as to require it to accept a presumption as proof beyond a reasonable doubt of any material element of the crime with which the defendant is charged or as requiring the defendant either to rebut the presumption or to carry the burden of proving the contrary.

Malice is a material element of the crime of murder; in fact, it is the element which raises a homicide to murder. *State ex rel. Combs v. Boles*, 151 W. Va. 194, 151 S.E.2d 115 (1966); *State v. Lewis*, 133 W. Va. 584, 57 S.E.2d 513 (1949); *State V. Roush*, 95 W. Va. 132, 120 S.E. 304 (1923). In allowing the jury to presume murder from the use of a deadly weapon, State's Instruction No. 8 permitted the jury to presume malice, a material element of the crime. State's Instruction No. 8 also required the appellant to introduce evidence to rebut the presumption of malice and thus reduce the crime to something less than murder. Under our holding in *Pendry, supra,* the giving of State's Instruction No. 8 was plainly wrong. We have held that such an error is not harmless error. *Angel v. Mohn*, ＿＿ W. Va. ＿＿, 253 S.E.2d 63 (1979). We, therefore, hold that the giving of State's Instruction No. 8 over the appellant's objection was reversible error.

## II.

As stated previously the principal witness for the State during the trial of this case was Michael Williamson, the accomplice who allegedly participated in the commission of the crime charged.

At the conclusion of the evidence, the appellant offered two instructions on the caution with which the

jury was to treat the testimony of the accomplice in the crime. Those instructions stated:

### "DEFENDANT'S INSTRUCTION NO. 19

The Court instructs the jury that the testimony of an accomplice in crime, that is, a person who actually commits or participates in a crime, is admissible in evidence, yet the evidence of an accomplice in crime, when not corroborated by some person or persons not implicated in the crime, as to matters material to the issue, that is, matters connecting the defendant with the commission of the crime as charged against him, ought to be received with great caution by the jury before they should convict on such testimony."

### "DEFENDANT'S INSTRUCTION NO. 21

The Court instructs the jury that the testimony of the accomplices must be received with great care and caution, and if you believe the testimony of an alleged accomplice was false, and that he was induced to testimony falsely either by fear of punishment or hope of reward, you must disregard that testimony in its entirety."

The trial court refused to give either of those instructions. In lieu of them the court gave a Court's Instruction which said:

"The Court instructs the jury that the testimony of an accomplice in crime, that is a person who actually commits or participates in or plans a crime, is admissible in evidence, and the jury has a right to consider such evidence in the same light as other evidence in the case, and to believe or disbelieve such evidence, and to give it such weight as they think the same may be entitled to, and that the jury in this case should examine this evidence in light of all other evidence in the case, both that of other witnesses and the circumstantial evidence admitted into evidence for their consideration, and when viewed as a whole

to see if the jury feels that the evidence of the accomplice in the crime was correct, and is entitled to consideration.

"If the jury finds that there is no evidence tending to support the evidence of the accomplice either that given by witnesses in the case or the circumstantial evidence which was admitted in the case, then the evidence of the accomplice may be scanned with caution."

In *State v. Humphries*, 128 W. Va. 370, 36 S.E.2d 469 (1945), we stated that while a conviction may be had on the uncorroborated evidence of an accomplice, such evidence must be received with caution, and upon request the jury should be so instructed. In a more recent pronouncement we held that although as a general rule, West Virginia courts are not permitted to comment on the weight of the evidence, there is an exception entitling the defendant to an instruction that the uncorroboratd testimony of a co-conspirator should be received with great caution when such testimony has a tendency to inculpate the accused. *State v. Spadafore*, _____ W. Va. _____, 220 S.E.2d 655 (1975). *See also, State v. Bolling*, 246 S.E.2d 631 (1978).

In the case at bar portions of the testimony of accomplice Williamson were uncorroborated. Under the circumstances, and under our rulings in *Humphries*, *Spadafore*, and *Bolling*, the appellant was entitled to an instruction to the effect that Williamson's testimony should have been received with great caution. Defendant's Instructions Nos. 19 and 21 would have so informed the jury. The instruction given by the court stated that "... the evidence of the accomplice may be scanned with caution."

The instruction given by the trial court failed to comply with the standard established by *Humphries*, *Spadafore*, and *Bolling*. In failing to instruct the jury as required by those cases, the court committed reversible error.

### III.

The appellant's third contention is that the trial court erred in limiting his testimony regarding his transactions with accomplice Williamson.

Ordinarily testimony given by one witness regarding his transactions with another witness may be explained by the other witness so long as he testifies to facts within his knowledge. *See, State V. Adkins,* No. 14133 (W. Va. Sup. Ct. App. July 17, 1979). We note that counsel for the appellant in the case before us failed to vouch the record with the testimony which the appellant would have given. The record as presently constituted does not contain sufficient evidence to enable us to pass upon the question of whether the appellant was prejudicially affected by the court's limiting of his testimony. For this reason, and because we have already found reversible error in the instructions in this case, we decline to pass upon the appellant's third assignment of error.

### IV.

The appellant's fourth contention is that the trial court erred in failing to order the reporting and transcription of the opening and closing arguments in the case.

Recently, in *State v. Bolling, supra,* we stated that under the provisions of *W. Va. Code,* 51-7-1 and -2, all proceedings in a criminal trial must be reported; however, the failure to report the proceedings may not in all instances constitute reversible error. Whether failure to report constitute reversible error or not cannot be determined by a mechanistic rule, but must depend on the facts of each case.

Because we have already concluded that the trial court committed reversible error in instructing the jury as discussed above, we do not deem it necessary to determine whether or not failure to report and transcribe the opening and closing arguments constituted reversible error. However, we do note that the parties repre-

sented to us in open Court that in any retrial of this case they will undertake to have opening and closing arguments reported and transcribed.

For the reasons discussed above, the judgment of the Circuit Court of Wayne County is reversed; the verdict is set aside, and a new trial is awarded.

*Reversed and remanded.*