304 S.E.2d 342

**STATE of West Virginia**

v.

**Bernard E. NEAL, Jr.**

**No. 15718.**

Supreme Court of Appeals of
West Virginia.

June 22, 1983.

Buford P. Early, III, Sanders & Blue, Bluefield, for appellant.

Michael E. Froble, Asst. Atty. Gen., Charleston, for appellee.

McHUGH, Justice:

This case is before this Court upon an appeal by the petitioner, Bernard E. Neal, from his 1981 conviction in the Circuit Court of Mercer County, West Virginia, for the offense of obstructing an officer.[1] Obstructing an officer is a misdemeanor offense pursuant to *W.Va.Code*, 61–5–17 [1931].[2] This Court has before it the peti-

---

1. The petitioner alleges that he is Bernard E. Neal, Sr. The record, however, designates the petitioner as Bernard E. Neal, Jr.

2. *W.Va.Code*, 61–5–17 [1931], provides as follows:

Any person who by threats, menaces, acts or otherwise, shall forcibly or illegally hinder, obstruct, or oppose, or attempt to obstruct or oppose, or shall counsel, advise or invite others to hinder, obstruct or oppose any officer in this State (whether civil or military) in the lawful exercise or discharge of his official duty, shall, for every such offense, be guilty of a misdemeanor, and, upon conviction thereof,

tion for appeal, all matters of record and the briefs and argument of counsel.

The State asserted below that on March 12, 1981, the petitioner blocked a narrow road with a motor vehicle near the City of Bluefield in Mercer County and, as a result, obstructed W.T. Jones, an officer of the City of Bluefield, in Jones' pursuit of a suspected felon. On that day, a Mercer County magistrate issued a warrant for arrest charging the petitioner with obstructing an officer. *W.Va.Code*, 62–1–2 [1965]. The petitioner was later found guilty by a magistrate court jury.

The petitioner appealed his conviction to the Circuit Court of Mercer County. On October 9, 1981, in that court, a jury found the petitioner guilty. The trial judge sentenced the petitioner to 30 days in jail with eligibility for work release. We subsequently granted the petitioner's appeal to this Court.

It should be noted that this Court has before it no transcript of the testimony leading to the petitioner's conviction for the offense of obstructing an officer. The petitioner's trial in circuit court was not reported by a court reporter.

The petitioner asks this Court to set aside his conviction and sentence. He contends, *inter alia,* that the circuit court committed error in failing to provide a court reporter to report the proceedings leading to his conviction. The petitioner asserts that the absence of a court reporter during the proceedings before the circuit court inhibits appellate review by this Court and was, therefore, prejudicial to the petitioner. The State, on the other hand, contends that (1) the petitioner waived any right he may have had to a court reporter

in circuit court by failing to request a court reporter, and (2) the absence of a court reporter during the petitioner's circuit court trial resulted in no prejudice to the petitioner.

Inasmuch as we are of the opinion that the court reporter issue is dispositive of this appeal, we need not address the other issues raised in the petition. As the petition indicates in its enumeration of assignments of error, those other issues are overshadowed by the court reporter issue.[3]

The appointment of court reporters to report criminal proceedings in circuit court is permitted pursuant to *W.Va.Code*, 51–7–1 [1931], and *W.Va.Code*, 51–7–2 [1931]. *W.Va.Code*, 51–7–1 [1931], provides, in part, as follows:

The circuit courts of the several judicial circuits in this State, or the judges thereof in vacation, or the judges of any intermediate, criminal or common pleas court, are hereby empowered and authorized to appoint competent shorthand reporters to take and report under such regulations as such judges, or any of them, may prescribe, the proceedings had and the testimony given in any case, either civil or criminal, or in any other proceeding had in such court, including the taking of testimony before the grand jury of such court for the use of the prosecuting attorney of the county, and in proceedings before the judge of such court in vacation, and otherwise to aid the judge in the performance of his official duties.

*W.Va.Code*, 51–7–2 [1931], provides that "[i]t shall be the duty of such reporter to take full shorthand notes of the testimony

---

shall be fined not less than fifty nor more than five hundred dollars, and may, in the discretion of the court, be imprisoned not exceeding one year.

3. In addition to the petitioner's contention that the circuit court committed error in failing to provide a court reporter to report the proceedings leading to his conviction for obstructing an officer, the petitioner contends that (1) the circuit court committed error in instructing the jury "as a matter of law" that the police officer of the City of Bluefield was empowered to exercise authority outside the Bluefield municipal

limits, (2) the petitioner's sentence was based upon an inaccurate and biased presentence report, (3) the trial judge was biased against the petitioner, (4) the petitioner's counsel, a member of the Bluefield City Board of Directors which employed police officers for the City of Bluefield, had a conflict of interests and should have been dismissed from the petitioner's case and (5) the circuit court proceedings were fatally defective because those proceedings were styled "State v. Bernard E. Neal, Jr." rather than "State v. Bernard E. Neal, Sr." (The petitioner alleges that he is Bernard E. Neal, Sr.).

and proceedings in which his services may be required, and such notes shall be deemed and held to be official and the best authority in any matter in dispute."

Those statutes were discussed by this Court in *State v. Bolling,* 162 W.Va. 103, 246 S.E.2d 631 (1978), in which case this Court affirmed the defendant's felony conviction for arson. The defendant asserted that the State made prejudicial remarks during closing argument and that, because the court reporter failed to report closing argument, reversible error occurred. The nature of the State's remarks were placed in the record at trial after closing argument. This Court held those remarks, and the failure of the court reporter to report them, to be insufficiently prejudicial to justify reversal.

This Court noted in *Bolling* that most court reporter statutes fall into two categories. The first category includes state statutes "which do not require the court reporter to record all or designated parts of the proceedings unless ordered by the judge or requested by the parties." 162 W.Va. at 110, 246 S.E.2d at 635. The second category includes 28 U.S.C. § 753, a federal court reporter statute,[4] as well as certain state statutes. The statutes in the second category set forth a general duty to report all of the proceedings and "no provision for a request is mandated." 162 W.Va. at 111, 246 S.E.2d at 636.

West Virginia was held in *Bolling* to be included in the second category. This Court held that pursuant to *W.Va.Code,* 51-7-1 [1931], and *W.Va.Code,* 51-7-2 [1931], "all proceedings in the criminal trial are required to be reported...." Syllabus point 5. However, in accord with the standard concerning 28 U.S.C. § 753, we noted that a reversal, for failure to comply with

the requirement that all proceedings must be reported, will not occur unless some error or prejudice is shown. This Court stated in *Bolling* as follows:

This Court has not had occasion to consider what must be reported in a criminal trial under the provisions of W.Va.Code, 51-7-1 and -2. We view these statutes as containing language similar to the federal act, 28 U.S.C. § 753, and conclude that a rule similar to that evolved by the federal courts is required. Under such a rule all proceedings occurring in the criminal trial are required to be reported. We also adopt the federal standard that the failure to report all of the proceedings may not in all instances constitute reversible error. . . .

The question of when the failure to report portions of criminal proceedings will constitute reversible error cannot be answered by a mechanistic rule. Generally, the failure to report some part of the proceeding will not alone constitute reversible error. Some identifiable error or prejudice must be shown by the defendant.

162 W.Va. at 113–115, 246 S.E.2d at 637 and 638.

Finally, we indicated in *Bolling* that the primary ground for the full reporting of a criminal proceeding is to "provide the availability for an adequate record for appeal." 162 W.Va. at 114, 246 S.E.2d at 637.

■ The importance of a trial transcript to a defendant in a criminal case is obvious. Recognizing the problems upon appeal resulting to a criminal defendant in the absence of a complete trial transcript, this Court noted in *State ex rel. Kisner v. Fox,* 165 W.Va. 123, 267 S.E.2d 451 (1980), that,

---

4. The federal court reporter statute provides in relevant part as follows:

Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method, subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge. The regulations promulgated pursuant to the preceding sentence shall prescribe the types of

electronic sound recording or other means which may be used. Proceedings to be recorded under this section include (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary; and (3) such other proceedings as a judge of the court may direct or as may be required by rule or order of court as may be requested by any party to the proceeding. 28 U.S.C. § 753(b) (1982).

"[p]rejudicial remarks, hidden issues, and questions relating to the judge's instructions to the jury may all disclose error [from a transcript] substantial enough to reverse the conviction." 165 W.Va. at 126–127, 267 S.E.2d at 453.[5] Furthermore, citing *Bolling, supra,* we stated in *State v. Helmick,* 169 W.Va. 94, 286 S.E.2d 245 (1982), that "[t]his Court has previously recognized that omitted portions of the record can cause a petitioner prejudicial hardship." 169 W.Va. at 99, 286 S.E.2d at 249.

▪ Although this Court in *Bolling* was asked to review a felony conviction, the holding in that case and the accompanying language of the opinion declined to distinguish felonies from misdemeanors with respect to the requirement of court reporters for criminal proceedings on the circuit court level. Syllabus point 5 of *Bolling* states in full that: "Under the provisions of W.Va.Code, 51–7–1 and –2, all proceedings in the criminal trial are required to be reported; however, the failure to report all of the proceedings may not in all instances constitute reversible error."[6] Nor does the language of *W.Va.Code,* 51–7–1 [1931], and *W.Va.Code,* 51–7–2 [1931], distinguish felonies from misdemeanors concerning the requirement of court reporters. Specifically, *W.Va.Code,* 51–7–1 [1931], empowers

circuit courts to appoint court reporters for proceedings "either civil or criminal," and *W.Va.Code,* 51–7–2 [1931], requires court reporters to take notes of "testimony and proceedings" as may be required. We therefore hold that under the provisions of *W.Va.Code,* 51–7–1 [1931], and *W.Va.Code,* 51–7–2 [1931], all proceedings in a criminal trial in circuit court are required to be reported, whether such proceedings relate to felony or misdemeanor charges; however, the failure to report all of the proceedings may not in all instances constitute reversible error.

▪ Furthermore, contrary to the assertion of the State in this case, a criminal defendant in circuit court does not waive the reporting of the proceedings by failing to request a court reporter. In *Bolling,* we indicated that West Virginia is aligned with those jurisdictions in which no such request is mandated.

▪ We must now consider whether the failure to report the circuit court proceedings leading to the petitioner's conviction constitutes reversible error. It must be emphasized that, unlike other instances where only the closing arguments were not recorded, none of the circuit court proceed-

5. It should be emphasized that a distinction exists between the statutory requirement described in *Bolling, supra,* that "all proceedings in the criminal trial are required to be reported" and the constitutional aspects of securing transcripts in criminal cases.

For example, a complete verbatim transcript of criminal proceedings is not necessarily required, in the constitutional sense, for appellate review. *Mayer v. City of Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971).

Citing *Mayer,* this Court in *State ex rel. Kisner v. Fox,* stated as follows:

It has been well established that the lack of a verbatim transcript does not constitute a constitutional defect when a suitable alternative is provided .... At the same time, we sould not deprive the defendant of the opportunity to have a complete transcript if he so desires because as Justice Douglas noted, 'Recollections and notes of trial counsel and of others are apt to be faulty and incomplete. Frequently, issues simply cannot even be seen—let alone assessed—without reading an accurate transcript.' * * *

165 W.Va. at 126, 267 S.E.2d at 453.

This Court in *Rhodes v. Leverette,* 160 W.Va. 781, 239 S.E.2d 136 (1977), held in syllabus point 1 as follows: "An indigent criminal defendant has a right to appeal his conviction. He is also constitutionally entitled to a copy of the trial court record, including the transcript of the testimony, without cost to him. West Virginia Constitution, Article III, Sections 10 and 17."

Therefore, cases such as *Mayer, State ex rel. Kisner v. Fox* and *Rhodes,* which cases are concerned with the constitutional aspects of securing transcripts in criminal cases, should be distinguished from the statutory considerations outlined in *Bolling.*

6. Our holding in *Bolling* was restated in *State v. Messinger,* 163 W.Va. 447, 256 S.E.2d 587 (1979):

Recently, in *State v. Bolling, supra,* we stated that under the provisions of *W.Va.Code,* 51–7–1 and –2, all proceedings in a criminal trial must be reported; however, the failure to report the proceedings may not in all instances constitute reversible error. Whether failure to report constitutes reversible error or not cannot be determined by a mechanistic rule, but must depend on the facts of each case.

163 W.Va. at 453, 256 S.E.2d at 590.

ings in this case were reported by a court reporter.

Without a transcript of the proceedings, we are at a loss to review the petitioner's assertion, for example, that the circuit court committed error in instructing the jury "as a matter of law" that the police officer of the City of Bluefield was empowered to exercise authority outside the Bluefield municipal limits. The parties suggest to this Court that this assignment of error is subject to a dispute in the testimony. That testimony is not before us. Nor is this Court in a position to review the petitioner's assertion that the trial judge was biased against him.

Our inability to review such assignments of error for lack of a complete record, we conclude, is prejudicial to the petitioner in this case within the meaning of *Bolling*. Nor under the circumstances of this case do we believe that a record can be reconstructed. *See* Syllabus point 2, *State ex rel. Kisner v. Fox, supra.*

Upon all of the above, the final order of the Circuit Court of Mercer County is reversed, and this case is remanded to that court for proceedings consistent with this opinion.

Reversed and remanded.