422 S.E.2d 516

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Mark ROOD, Defendant Below, Appellant.**

**No. 21024.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 8, 1992.

Decided Oct. 8, 1992.

Stephen D. Herndon, Wheeling, W.Va., for appellant.

Mario J. Palumbo, Atty. Gen., Teresa A. Tarr, Sr. Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

Mark Rood appeals a jury verdict in the Circuit Court of Ohio County that found him guilty of breaking and entering. On appeal Mr. Rood maintains that his conviction should be set aside because during the trial he wore prison attire. Although the State may not compel a criminal defendant to wear prison attire at trial, in this case the record demonstrates that Mr. Rood's right to a fair trial was not compromised, and, therefore, we affirm the conviction because the error was harmless.

On November 18, 1989, at about 10:00 p.m., two police officers saw a car with an open trunk backed up to a broken window at the rear of the Wheeling Springs Service Company. Mr. Rood and another man were standing at the rear of the car, but as the officers approached the car, Mr. Rood got into the right rear seat and the other man got into the passenger seat and slid over to the driver's seat. The trunk of the car was left open. Mr. Rood told the officers that he and his friend were changing the left front tire.[1] A floor jack was partially under the right rear of the car.[2] However, the base of the floor jack was missing.

A third man was found inside the Wheeling Springs building crouching behind a vehicle. The floor jack belonged to Wheeling Springs and had been inside the building when the business closed for the day. The floor jack's base was still in its usual place in the east side of the building. The broken window outside of which the floor jack was found is on the west side of the building.

At trial the State presented testimony from the two police officers, the president of Wheeling Springs, an employee of Wheeling Springs and the owner of the tow company. The defense cross-examined each of the State's witnesses and, then, elected to rest at the conclusion of the State's case.

At the time of his trial for breaking and entering, Mr. Rood was held in the Brooke County Jail on unrelated charges. On the day before trial, Mr. Rood's lawyer telephoned him to make sure he had civilian clothing. However, because of an apparent mix-up[3] Mr. Rood appeared for trial in prison attire, a green shirt and a green pair of pants.[4] After some delay while Mr. Rood's lawyer unsuccessfully tried to get him civilian clothes, the trial proceeded with Mr. Rood wearing prison attire.

The trial court was concerned about Mr. Rood's prison attire. In addition to delaying trial, at the beginning of the trial the trial court proffered a cautionary instruction to the jury that Mr. Rood's attire should not influence in any manner the decision and, after the cautionary instruc-

---

1. A subsequent inspection of the car's tires by the tow truck owner showed that the tires were "inflated [and] runable [sic]."

2. A floor jack is not the type usually found in a car. The jack is about 30 inches long and six inches wide, and weighs about 40 pounds.

3. Mr. Rood said that he told the Brooke County correctional officer that he needed his civilian clothes for trial, but the officer said that no trial notice had been received. Mr. Rood had been

transported to Ohio County several times for hearings.

4. Mr. Rood maintains that the prison attire had the word "jail" on the left front; however, the State disagrees and submitted an affidavit from a Brooke County correctional officer who said that the jail attire had no markings or identifying symbols. Even without any markings, Mr. Rood's attire was identifiable to the jury as prison clothing.

tion, the jurors indicated that they could reach a fair decision regardless of Mr. Rood's clothing.

Mr. Rood maintains that after the cautionary instruction his lawyer objected to the continuation of the trial because of Mr. Rood's attire. Although the court reporter lost the minutes, stenographic tapes and audiotapes of some portions of the trial, the majority of the lost portions were reconstructed by the parties. However, the parties were unable to reconstruct the exact wording of the cautionary instruction and Mr. Rood's objection.

█ This court has firmly established that "[a] criminal defendant has the right under the Due Process Clause of our State and Federal Constitutions not to be forced to trial in identifiable prison attire." Syllabus Point 2, in part, *State ex rel. McMannis v. Mohn,* 163 W.Va. 129, 254 S.E.2d 805 (1979).[5] The defendant in *McMannis* was tried for an offense that was committed while he was incarcerated and the defense "did not object to this attire until after he had examined the first defense witness and had called his second witness...." *McMannis, id.* at 131–32, 254 S.E.2d at 807. Because no initial objection was made and the offense was prison connected, we refused to reverse Mr. McMannis' conviction because the error was "not prejudicial under the doctrine of harmless constitutional error." *McMannis, id.* at 135, 254 S.E.2d at 808.

Our holding in *McMannis* was based on *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), which held that the State may not compel a criminal defendant to wear prison attire at his trial, because of the impact of the defendant's appearance in prison attire on the presumption of innocence, which "is a basic component of a fair trial under our system of criminal justice." 425 U.S. at 503, 96 S.Ct. at 1692. However "[a]fter setting the issue on the constitutional pedestal, the Court indicated that it was not a fundamental right such that a knowing and intelligent waiver of the right must be shown...." *McMannis, supra* 163 W.Va. at 133, 254 S.E.2d at 807. Because in *Estelle* "no objection was made to the trial judge concerning the jail attire" (425 U.S. at 509–10, 96 S.Ct. at 1695), the Supreme Court held that the failure to object "is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." 425 U.S. at 513, 96 S.Ct. at 1697.[6]

Based on *Estelle* several courts, similar to our holding in *McMannis,* have refused to adopt a *per se* rule that appearing in prison attire is prejudicial but have reviewed each case to determine if the prison attire was prejudicial. *See Boswell v. State of Alabama,* 537 F.2d 100, 104 (5th Cir.1976) (finding harmless error because the record contained no possible inference "which clouds or conflicts any essential or material fact"); *Haggard v. State of Alabama,* 550 F.2d 1019 (5th Cir.1977) (finding inconclusive evidence to prove that the defendant was tried in prison garb and handcuffs); *Mitchell v. Engle,* 634 F.2d 353 (6th Cir.1980) (overwhelming evidence of guilt made any error of wearing jail clothing at trial harmless beyond a reasonable doubt); *Jeffers v. Ricketts,* 627 F.Supp. 1334 (D.Ariz.1986), *aff'd in part and rev'd in part on other grounds,* 832 F.2d 476 (9th Cir.1987), *rev'd on other grounds,* 497 U.S. 764, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)

---

**5.** In its entirety, Syllabus Point 2, *McMannis supra,* reads:

A criminal defendant has the right under the Due Process Clause of our State and Federal Constitutions not to be forced to trial in identifiable prison attire. However, where a criminal defendant is tried in identifiable prison attire without any initial objection, and the offense for which he is tried is prison-related such that the jury necessarily knows from the evidence that he was in prison at the time of the commission of the offense, the error will be deemed not prejudicial under the doctrine of harmless constitutional error.

**6.** On a related issue of the propriety of trying a defendant in restrains, in Syllabus Point 3, *State v. Brewster,* 164 W.Va. 173, 261 S.E.2d 77 (1979), we held that "[a] criminal defendant has the right, absent some necessity relating to courtroom security or order, to be tried free of physical restraints." However in *State v. Linkous,* 177 W.Va. 621, 355 S.E.2d 410 (1987) we refused to find a reversible error because the jury may have seen the defendant in handcuffs for a brief period before the trial.

(defendant's appearance in jail attire for one day did not impermissibly interfere with his presumption of innocence); *Fernandez v. United States,* 375 A.2d 484 (D.C.1977) (finding overwhelming evidence of defendant's guilt made appearance in prison garb harmless). *Compare United States v. Harris,* 703 F.2d 508 (11th Cir. 1983) (finding the government's case is not overwhelming and, therefore, defendant's appearance in prison garb was not harmless beyond a reasonable doubt).

[2] In the present case, there is no evidence that the State compelled Mr. Rood to stand trial in prison attire. Although on appeal Mr. Rood alleges that the Brooke County correctional officers refused to allow him to dress in his civilian clothes, the allegation was not made at trial. After Mr. Rood appeared for his trial in prison attire, the trial judge delayed the trial in order to allow Mr. Rood to get civilian clothes. If the trial judge had been told that Mr. Rood had civilian clothes at the Brooke County jail, which would have delayed proceedings for about 20 minutes, the judge said "a suggestion would be made to go to Brooke County to get that clothing."

After the effort to get civilian clothing failed, the trial judge then gave the jury a cautionary instruction to disregard the prison attire and the jury indicated that they could fairly decide the case.[7] In his opening statement, Mr. Rood's counsel acknowledged that the trial judge "properly instructed ... [the jury that] the defendant has no burden."

Assuming that the error remained uncorrected by the trial judge's efforts, all the

facts point to Mr. Rood's guilt. The police officers found Mr. Rood outside a broken window with a jack that had been inside the building when the business closed. Another man was found inside the building and none of the tires on the car parked outside the window needed air. Mr. Rood's counsel vigorously cross-examined each witness and none wavered in his testimony. Based on the overwhelming evidence of Mr. Rood's guilt, we find that Mr. Rood's prison attire could not have adversely affected the jury in its deliberation.

For the above stated reasons, the judgement of the Circuit Court of Ohio County is affirmed.

Affirmed.

---

7. On appeal, Mr. Rood argues that because the record does not contain verbatim the cautionary instruction, this Court should presume the instruction to be inadequate. However nothing in the record justifies such a presumption. The record indicates that the jury was fully instructed on the burden of proof and the presumption of innocence. *See Opper v. United States,* 348 U.S. 84, 95, 75 S.Ct. 158, 165, 99 L.Ed. 101 (1954) ("Our theory of trial relies upon the ability of a jury to follow instructions").

Mr. Rood also questions the adequacy of the record because certain portions were lost. Specifically Mr. Rood maintains that two germane portions are missing from the record: the trial court knowledge of the presence of Mr. Rood's civilian clothes in Brooke County and the word-

ing of the cautionary instruction. However the missing portions were reconstructed and the majority of the record was transcribed. Finally Mr. Rood waived the issue when he elected to appeal based on the reconstructed record. *See State ex rel. Kisner v. Fox,* 165 W.Va. 123, 124, 267 S.E.2d 451, 454 (1980) (directing the defendant to "make his election within thirty days after being informed that a transcript is unavailable"); Syllabus Point 5, *State v. Bolling,* 162 W.Va. 103, 246 S.E.2d 631 (1978) ("failure to report all of the proceeding may not in all instances constitute reversible error" and defendant has the burden of showing "[s]ome identifiable error or prejudice" 162 W.Va. at 115, 246 S.E.2d at 638).