**Raymond J. MITCHELL, Petitioner–Appellant,**

v.

**Ted ENGLE, Superintendent, Respondent–Appellee.**

No. 80–3041.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 20, 1980.

Decided Nov. 28, 1980.

Raymond J. Mitchell, Candace McCoy, Cincinnati, Ohio (Court–appointed), for petitioner–appellant.

William J. Brown, Atty. Gen. of Ohio, Simon B. Karas, Asst. Atty. Gen., Dain DeVeny, Columbus, Ohio, for respondent–appellee.

Before EDWARDS, Chief Judge, WEICK, Circuit Judge and GIBSON,* District Judge.

PER CURIAM.

Petitioner Mitchell has appealed the denial of his second petition for writ of habeas corpus by a District Judge in the Southern District of Ohio. His primary contention is that he was tried for armed robbery and intentional shooting in a Common Pleas Court in Ohio while dressed in jail clothing in violation of federal due process of law. This same argument had been advanced and denied in his first petition which had been heard by a different federal district judge in the Northern District of Ohio. The District Judge held that petitioner had not been "compelled" to wear jail clothing. *See Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). No appeal was taken from the first habeas dismissal.

Although different issues were presented to the District Judge who heard the second habeas case, he dismissed the second petition to the degree it dealt with "jail garb,"

* Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation.

on the ground that it was "successive" within the meaning of *Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963). He also held that appellant had waived the other issues within the meaning of *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976).

Appellant's counsel's briefs launch strong attacks upon both District Court dispositions. These would require this court to make a detailed analysis on the facts of this case of the "exhaustion of remedy" and "waiver" issues which have divided the Supreme Court of the United States in the three cases cited above.

The factual record written in the state court trial, however, contains such overwhelming proofs of petitioner's guilt that any error on the part of the trial judge in handling this difficult defendant, even if of constitutional magnitude, must be regarded as harmless beyond reasonable doubt under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The record constitutes complete support for the fact summary contained in Judge Kinneary's Memorandum Opinion and Order which dismissed the petition for the writ:

> Petitioner was observed fleeing the scene and Cleveland police officers gave hot pursuit. Petitioner exchanged gunfire with the police officers. He was apprehended after he was wounded in the arm. Petitioner had $700.00 in cash and checks endorsed by Jack's Musical Bar and Edward Cowit's watch, gun, and holster in his possession at the time of his arrest. Within five minutes of the robbery, Edward Cowit confronted petitioner in the alley where he was apprehended and identified him as one of the robbers.

Cowit is identified in the record as the owner of Jack's Musical Bar.

The judgment of the District Court is affirmed.