898 F.2d 148
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reynaldo HINOJOSA-RAMOS, Defendant-Appellant.
 No. 89-5540.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 7, 1989.
Decided: Feb. 26, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-88-188-A)
 Nina J. Ginsberg, Zwerling, Mark, Sutherland, Ginsberg and Lieberman, P.C., Alexandria, Virginia, for appellant.
 Michael R. Smythers, Assistant United States Attorney, Alexandria, Virginia, for appellee.
 On Brief: Nina J. Ginsberg, Zwerling, Mark, Sutherland, Ginsberg and Lieberman, P.C., Alexandria, Virginia, for appellant.
 Henry E. Hudson, United States Attorney, Michael R. Smythers, Assistant United States Attorney, W. Neil Hammerstrom, Jr., Assistant United States Attorney, Alexandria, Virginia, for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Reynaldo Hinojosa-Ramos appeals his convictions of conspiracy to distribute and to possess with the intent to distribute cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1989), possession with the intent to distribute 500 grams or more of cocaine, 21 U.S.C.A. Sec. 841(a)(1) (West 1981), distribution of 500 grams or more of cocaine, 21 U.S.C.A. Sec. 841(a)(1), and interstate travel in aid of racketeering, 18 U.S.C.A. Sec. 1952(a)(3) (West Supp.1989). He contends that the district court erred by directing that his trial proceed even though he was dressed in identifiable prison clothes. We affirm.
 
 I.
 
 2
 When Hinojosa was transported to the courthouse by the United States Marshals Service on the first day of his trial, he had not been given an opportunity to dress in the civilian clothes which previously had been delivered to the detention facility. Instead, he was wearing a one-piece, inmate jumpsuit of dark green and tan. Although no markings were visible on the front, the word "PRISONER" was stenciled on the back. Four minutes before the trial was to begin, after realizing that Hinojosa was not wearing his civilian clothes, Hinojosa's counsel asked to speak to the district judge in chambers regarding Hinojosa's dress. The request was denied. While no apparent request or effort was made to provide Hinojosa with civilian clothes during the lunch recess on the first day of the trial, he did appear in civilian clothes on the second day.
 
 
 3
 At the conclusion of the two-day trial, the jury returned guilty verdicts on four counts and a not guilty verdict on one count (using a communications facility to facilitate a drug conspiracy). Hinojosa moved for judgment of acquittal or a new trial on the ground that the district court should not have required the trial to proceed while he was dressed in identifiable prison clothes. This motion was denied.
 
 II.
 
 4
 Hinojosa contends that he was prejudiced by having to wear prison clothes on the first day of trial and that the error was not harmless beyond a reasonable doubt. In Estelle v. Williams, 425 U.S. 501 (1976), the Court held that an accused standing trial before a jury could not be compelled to appear in identifiable prison clothes. The Court reasoned that the presumption of innocence is adversely affected when the accused appears in prison clothes. Id. at 503-05. However, we find that any error in requiring Hinojosa's trial to proceed despite the fact that he was dressed in prison clothes was harmless beyond a reasonable doubt. See Rose v. Clark, 478 U.S. 570 (1986); Chapman v. California, 386 U.S. 18 (1967). In Clark the Court held that "[w]here a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed." Clark, 478 U.S. at 579. We note that other circuits have applied harmless error analysis in cases where a defendant is dressed in prison clothes at trial. See Mitchell v. Engle, 634 F.2d 353 (6th Cir.1980); Boswell v. Alabama, 537 F.2d 100 (5th Cir.1976); see also United States v. Harris, 703 F.2d 508 (11th Cir.1983) (applying harmless error analysis but concluding that evidence of guilt was not sufficient to render error harmless).
 
 
 5
 Our review of the record indicates that the government presented overwhelming evidence of Hinojosa's guilt, and we are convinced of his guilt beyond a reasonable doubt.
 
 
 6
 AFFIRMED.