995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kendrick WOODWARD, Petitioner-Appellant,
v.
John HAWLEY, Respondent-Appellee.
 No. 92-1925.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1993.
 
 Before MERRITT, Chief Judge, DAVID A. NELSON, Circuit Judge, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Kendrick Woodward, a pro se Michigan prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In November 1981, a jury convicted Woodward of armed robbery and possession of a firearm in the commission of a felony. Woodward was sentenced to consecutive terms of 30 to 60 years on the armed robbery count and 2 years for the felony firearm count. In his direct appeal to the Michigan court of appeals, Woodward argued that: 1) he was denied his right to a fair trial because he was forced to appear before the jury dressed in his jail clothes; 2) his sentence was excessive; and 3) he was denied his Sixth Amendment right to cross-examine his co-defendants. The Michigan court of appeals affirmed the conviction and the Michigan Supreme Court denied Woodward's application for review.
 
 
 3
 Thereafter, Woodward filed a petition for a writ of habeas corpus raising the following grounds for relief: 1) that his constitutional right to a fair trial was violated when he was compelled to stand trial in prison clothing; and 2) that the Michigan court of appeals erred in denying his motion for reconsideration. The magistrate judge concluded that Woodward's claims were without merit and recommended that the petition be dismissed. Over Woodward's objections, the district court adopted the magistrate judge's report and recommendation and denied the petition. Woodward filed a timely appeal, and also a motion for the appointment of counsel.
 
 
 4
 On appeal, Woodward continues to argue that his constitutional right to a fair trial was violated when he was compelled to stand trial in prison clothing.
 
 
 5
 Upon review, we affirm the district court's judgment because Woodward has not shown that his trial was fundamentally unfair or that the proceeding resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 At most, Woodward's petition raises harmless error. Woodward has not established that he was actually compelled to stand trial in prison clothing after making it known to the trial court that he wished to be able to change into civilian clothes for trial. See Estelle v. Williams, 425 U.S. 501, 506-507 (1976). However, even if the petitioner was compelled to appear at trial in prison clothing, the record establishes that there was such overwhelming evidence of his guilt as to make any error on the part of the trial judge harmless beyond a reasonable doubt. See Rose v. Clark, 478 U.S. 570, 576 (1986); Mitchell v. Engle, 634 F.2d 353, 354 (6th Cir.1980) (per curiam).
 
 
 7
 Accordingly, we deny Woodward's motion for the appointment of counsel, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.