996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby Ray ROGERS, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 93-5279.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1993.
 
 Before MARTIN, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Bobby R. Rogers, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In April 1987, a jury found Rogers guilty of attempted first degree sodomy and attempted first degree rape of his eleven year old daughter. The court sentenced Rogers to a 13 year sentence on each count, to run consecutively.
 
 
 3
 In his direct appeal to the Kentucky Supreme Court, Rogers argued that: 1) the trial court erred when it refused to instruct the jury on the lesser included offense of first degree sexual abuse, regarding the sodomy charges, and 2) he received ineffective assistance of counsel. The Kentucky Supreme Court found that the ineffective assistance of counsel claim was not properly before it because it had not been presented to the trial court. The court also held that Rogers was not entitled to an instruction on the lesser included offense for the sodomy charges, and affirmed Rogers's conviction.
 
 
 4
 Thereafter, Rogers filed a motion to vacate judgment with the trial court, arguing that he had received ineffective assistance of trial counsel because counsel: 1) allowed improper evidence of prior allegations of Rogers's sexual misconduct to be introduced, even though the charges had been dismissed; 2) did not object to the hearsay testimony of various witnesses; 3) did not object to the prosecutor's leading questions directed to the victim, Jeannie Rogers; 4) did not pursue a possible insanity defense; and 5) did not properly prepare and present a post-trial motion to preserve the issue of ineffective assistance of counsel for appellate review. Rogers then filed a supplemental motion to vacate in the trial court, raising the same issues. Following an evidentiary hearing, the trial court overruled the motions, and found that Rogers had agreed with his counsel to present the prior allegations of sexual abuse in an effort to discredit the victim because the prior allegations had been dismissed. The Kentucky Court of Appeals affirmed this ruling, and the Kentucky Supreme Court denied discretionary review.
 
 
 5
 In his current petition for a writ of habeas corpus, Rogers argues that: 1) the trial court violated his due process rights when it refused to instruct the jury on the lesser included offense of first degree sexual abuse, regarding the sodomy charges, and 2) he received ineffective assistance of counsel. Following a review of respondent's motion to dismiss, the magistrate judge filed a report recommending that the district court dismiss the petition. Over Rogers's objections, the district court adopted the recommendation and dismissed the petition. Rogers has filed a timely appeal. The respondent has submitted a letter to the court indicating that it will not be filing a brief.
 
 
 6
 Upon review, we conclude that the district court properly dismissed the petition because Rogers has not shown that the proceedings against him were fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Rogers has not established that he was entitled to a jury instruction on attempted first degree sexual abuse. See Ky.Rev.Stat.Ann. §§ 506.010(1)(a), 510.020(1)(a) and (b), and 510.010; Spencer v. Commonwealth, 554 S.W.2d 355 (Ky.1977). Moreover, because of the overwhelming evidence of Rogers's guilt, any error on the part of the trial judge must be regarded as harmless beyond a reasonable doubt. See Mitchell v. Engle, 634 F.2d 353, 354 (6th Cir.1980) (per curiam); see also Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993). Additionally, Rogers has not established that his counsel was ineffective. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.