41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony Craig BETHEA, Petitioner-Appellant,
v.
Joseph ABRAMAJTYS, Warden, Brooks Regional Facility,
Respondent-Appellee.
 No. 94-1160.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1994.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Anthony Craig Bethea, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In November 1987, a jury convicted Bethea for armed robbery. The court sentenced him to a term of 30 to 50 years of imprisonment. Thereafter, the Michigan Court of Appeals affirmed Bethea's conviction, and the Michigan Supreme Court denied his application for leave to appeal. Subsequently, the trial court denied his motion for relief from judgment filed under Michigan Court Rule 6.500, concluding that he should have presented the issues in his appeal of right. The Michigan Court of Appeals denied Bethea's delayed application for leave to appeal and his motion for rehearing, and the Michigan Supreme Court denied leave to appeal.
 
 
 4
 Thereafter, Bethea filed his current petition for a writ of habeas corpus. Bethea raised ten issues, arguing that: 1) the trial court denied him due process when it refused to review his motion for relief from judgment; 2) there was no probable cause to arrest him; 3) the court illegally bound him over for trial on inadmissible evidence; 4) the prosecution presented insufficient evidence to sustain his conviction; 5) the trial court improperly admitted evidence of another offense; 6) the trial court engaged in ex parte communication with a juror; 7) the prosecutor engaged in misconduct throughout the trial; 8) trial counsel rendered ineffective assistance of counsel; 9) appellate counsel rendered ineffective assistance of counsel; and 10) the cumulative effect of the errors at trial deprived him of a fair trial.
 
 
 5
 A magistrate judge filed a report recommending that the district court dismiss the petition as without merit. Over Bethea's objections, the district court adopted the magistrate judge's recommendation and dismissed the petition. Bethea has filed a timely appeal reasserting his same claims. He also argues that: 1) the district court should have applied the doctrine of collateral estoppel to the trial court's ruling forbidding any reference to his car having been used in other robberies; 2) the district court disregarded the presumption of correctness given to state court determinations of historical facts; and 3) a new state court rule should not have been applied to his case while it was pending on direct appeal. Bethea has also filed a motion for a new trial and a motion to remand the case to the district court.
 
 
 6
 Initially, we note that Bethea has raised three new issues on appeal. Unless exceptional circumstances are present, this court normally will not address an issue not raised in the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991); White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). No exceptional circumstances are present in this case. Hence, these issues will not be reviewed for the first time on appeal.
 
 
 7
 Upon review, we affirm the district court's judgment dismissing Bethea's petition for a writ of habeas corpus because Bethea has not shown that his trial was fundamentally unfair and that the proceedings resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 8
 Bethea's claim that the trial court violated his right to due process by refusing to specifically review the issues raised in his motion for relief from judgment is without merit as the state court provided him with all the process due him when it ruled that his claims had been abandoned, decided in prior proceedings, or that they were not properly before the court. Michigan Court Rule 6.508(D). In addition, the state afforded Bethea process in the form of his appeal of right. See generally Mathews v. Eldridge, 424 U.S. 319, 323 (1976); Yashon v. Hunt, 825 F.2d 1016, 1022 (6th Cir.1987), cert. denied, 486 U.S. 1032 (1988).
 
 
 9
 The district court properly dismissed the claims enumerated 2 and 3 above. Bethea's claim that his arrest was invalid is without merit as there was probable cause to arrest him. See Beck v. Ohio, 379 U.S. 89, 91 (1964); see also Terry v. Ohio, 392 U.S. 1, 21-22 (1968); United States v. Knox, 839 F.2d 285, 289 (6th Cir.1988), cert. denied, 490 U.S. 1019 (1989). Bethea's claim that he was illegally bound-over for trial is without merit because there was probable cause to arrest him. See Watson v. Jago, 558 F.2d 330, 338 (6th Cir.1977).
 
 
 10
 The district court properly dismissed the claims enumerated 4, 5, 6, and 7 above. There was sufficient evidence to establish Bethea's guilt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). The state presented sufficient evidence to establish that Bethea was guilty of aiding and abetting the commission of an armed robbery. See Mich.Comp.Laws 767.39 (1994); Mich.Stat.Ann. 28.979 (Callahan 1994); People v. Newcomb, 476 N.W.2d 749, 752 (Mich.Ct.App.1991). Because of the overwhelming evidence establishing Bethea's guilt, the trial court's admission of evidence of another offense that he committed cannot be viewed as so egregious that it denied him a fundamentally fair trial. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988); Davis v. Jabe, 824 F.2d 483, 487 (6th Cir.), cert. denied, 484 U.S. 988 (1987). Further, this alleged error is harmless as the evidence was not critical to the outcome of the case, nor did it affect the verdict. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993). Bethea's claim regarding the trial court's ex parte communication with a juror is without merit given the overwhelming evidence in support of his conviction, see Rushen v. Spain, 464 U.S. 114, 118-19 (1983); see also Abrahamson, 113 S.Ct. at 1722, as is Bethea's claim of prosecutorial misconduct, given the overwhelming proof of his guilt, see Mitchell v. Engle, 634 F.2d 353, 354 (6th Cir.1980) (per curiam).
 
 
 11
 The district court properly dismissed the claims enumerated 8 and 9 above. Bethea's claim that he received ineffective assistance of trial counsel is without merit because even if counsel failed to object to a reference to other robberies in the police dispatcher's call, this error did not so prejudice the defense as to render the trial unfair or the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Further, as it has already been established that there was probable cause to arrest Bethea, he cannot establish that his appellate counsel was ineffective for not raising the warrantless arrest issue on appeal.
 
 
 12
 Finally, the district court properly dismissed Bethea's claim that he was deprived of a fair trial because of the cumulative effect of the errors asserted in his habeas petition, as the four issues relating to his allegedly unconstitutional arrest do not involve any serious error, and the remaining alleged errors did not deprive Bethea of a fundamentally fair trial given the overwhelming proof of his guilt. See Abrahamson, 113 S.Ct. at 1722; see also Walker v. Engle, 703 F.2d 959, 963 (6th Cir.), cert. denied, 464 U.S. 951 and 962 (1983).
 
 
 13
 For the foregoing reasons, we hereby deny the motion for a new trial and the motion to remand and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation