72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher Gordon CONNER, Defendant-Appellant.
 No. 94-6657.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1995.
 
 ORDER
 Before KENNEDY, GUY and RYAN, Circuit Judges.
 
 
 1
 Christopher Gordon Conner appeals his judgment of conviction for threatening a federal official in violation of 18 U.S.C. Sec. 115 and interfering with commerce by threats or violence in violation of 18 U.S.C. Sec. 1951. The district court sentenced Conner to 51 months of imprisonment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his timely appeal, Conner's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Conner has not responded to his counsel's motion to withdraw. Although believing the appeal to be without merit, counsel has submitted the following issues for review: 1) whether the district court properly admitted into evidence prejudicial references to the Ku Klux Klan (KKK); 2) whether the district court properly denied Conner's motion for a mistrial; 3) whether the government provided sufficient evidence to support Conner's conviction for threatening a federal official; and 4) whether the district court erred when it denied Conner's request to wear his KKK robe throughout the trial.
 
 
 3
 Upon review, we conclude that the district court properly admitted into evidence references to the KKK. See United States v. Thomas, 49 F.3d 253, 258 (6th Cir.1995). The evidence that Conner belonged to the KKK was clearly relevant to whether he would be motivated to threaten a Bureau of Alcohol, Tobacco and Firearms (ATF) agent who had been responsible for the investigation and arrest of a leader of the local chapter of the KKK. See Fed.R.Evid. 401; United States v. Duranseau, 19 F.3d 1117, 1120 (6th Cir.1994). The danger of prejudice did not substantially outweigh the probative value of such evidence.
 
 
 4
 For these same reasons, the district court properly denied Conner's motion for a mistrial. See United States v. Levy, 904 F.2d 1026, 1030 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991).
 
 
 5
 There was sufficient evidence to support Conner's conviction for threatening a federal officer. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). The government established that, on April 2, 1993, a jury convicted a leader of the local chapter of the KKK (Pierce) of conspiring with and soliciting others to burn a Baptist church. A special agent of the ATF, Raymond Wilt (Wilt) had investigated the church burning. Thereafter, on April 13, 1993, Conner informed a reporter, Mulliken, that he had helped plan the church burning, and stated that he knew the day that Wilt was going to die. Mulliken testified that Conner "was very serious" when he made these statements. Another government witness testified that, on April 26, 1993, Conner stated that he knew when a plant was going to blow up with an FBI man inside it. In light of the proximity in time between Pierce's conviction and Conner's threatening statements, there was sufficient evidence to support Conner's conviction for threatening a federal law enforcement officer in retaliation for the performance of his official duties.
 
 
 6
 The district court properly declined to permit Conner to wear his KKK robe during the trial. Conner had no right to wear his KKK robe inside the courtroom. See, e.g., Ryan v. County of DuPage, 45 F.3d 1090, 1095-96 (7th Cir.1995) (appellant did not have First Amendment right to wear a mask in the courthouse because the courthouse should remain a place where rational reflection and disinterested judgment will not be disrupted by intimations of violence or hints of coercion). Moreover, to the extent that Conner alleges that the trial court's denial of his request to wear his KKK robe prejudiced him, any prejudice was harmless given the overwhelming evidence of his guilt. Cf. Mitchell v. Engle, 634 F.2d 353, 354 (6th Cir.1980) (per curiam) (appellant raised only harmless error when he argued that he had been compelled to stand trial in prison clothing because of the overwhelming evidence of his guilt).
 
 
 7
 Finally, Conner has waived his right to raise any objections to the presentence investigation report. Conner did not meet his burden to bring any alleged inaccuracies to the attention of the sentencing court. See United States v. Fry, 831 F.2d 664, 667-69 (6th Cir.1987).
 
 
 8
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.